```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/2/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED; THE SEREN FASHION ART & INTERIORS,

　　　　　　　　　　Plaintiffs,

-against-

NICKOLAOS RENTOULIS; ANDRONIKI RENTOULIS; IRINI'S ORIGINALS, LLC; SM1 MMS, LLC, DBA MANHATTAN MINI STORAGE, LLC; BURNAM SMARTCO, LLC; CRIS BURNAM; MIKE BURNAM; STORAGE TREASURES, LLC; OPENTECH ALLIANCE, INC; AND ROBERT A. CHITI,

　　　　　　　　　　Defendants.

24 Civ. 6476 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

　　Plaintiff Sehra Waheed, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction and diversity of citizenship jurisdiction. By order dated September 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 9.

## STANDARD OF REVIEW

　　The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

　　While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

On September 18, 2024, Plaintiff Waheed filed an amended complaint on behalf of herself and her business, the Seren Fashion Art & Interiors, LLC, against the following Defendants: Nickolaos Rentoulis; Androniki Rentoulis; Irini's Originals, LLC; SM1 MMS, LLC, doing business as Manhattan Mini Storage, LLC; Burnam Smartco, LLC; Cris Burnam; Mike Burnam; Storage Treasures, LLC; OpenTech Alliance, INC; and Robert A. Chiti. According to Plaintiff, "[a]ll the named Defendants in this suit are Delaware corporation[s] registered to do business in New York, with a principal place of business in the City and State of New York." ECF No. 10 at 5. Plaintiff alleges that Defendants illegally auctioned off her personal property, valued at $439,854.97, which she had been keeping in two storage units in Manhattan. *Id.* at 6.

Plaintiff has also filed a "writ of replevin," motions for permission to bring electronic devices into the courthouse and to waive the fees for Public Access to Court Electronic Records ("PACER"), and a second motion for an "emergency preliminary injunction."[1] ECF No. 5, 7, 11–13.

---

[1] By *sua sponte* order dated September 9, 2024, Chief Judge Swain denied a similar application for emergency injunctive relief. ECF No. 8. It is not clear exactly what emergency relief Plaintiff seeks beyond having her case acted upon expeditiously.

2

**DISCUSSION**

**A.     Appearance on behalf of Seren Fashion Art & Interiors, LLC**

Plaintiff cannot bring suit on behalf of Seren Fashion Art & Interiors, LLC. "[S]hareholders and members of limited liability companies—even sole shareholders and sole members—do not have standing to sue for wrongs to the corporate entity." *RIGroup LLC v. Trefonisco Mgmt. Ltd.*, 949 F. Supp. 2d 546, 552 (S.D.N.Y. 2013), *aff'd*, 559 F. App'x 58 (2d Cir. 2014). Moreover, a person who is not an attorney may represent herself *pro se* but may not represent another individual or entity. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[B]oth a partnership and a corporation must appear through licensed counsel.").

The Court therefore DISMISSES Seren Fashion Art & Interiors, LLC as a plaintiff in this matter, without prejudice, because it cannot proceed without counsel.

**B.     Plaintiff is directed to Provide Service Addresses for Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Plaintiff has not, however, provided addresses at which each Defendant may be served. The Court therefore directs Plaintiff, within 30 days, to provide the Court with addresses where

Defendants may be served. Upon receipt of that information, the Court will direct the issuance of summonses and service by the Marshals Service.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     Motion for an Emergency Preliminary Injunction**

Plaintiff has filed a motion for an emergency preliminary injunction. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this early stage, Plaintiff has failed to show (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for an emergency preliminary injunction is DENIED without prejudice.

**D.     Request for Exemption from PACER Fees**

Plaintiff seeks a waiver from paying PACER access fees. The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER. *See* Electronic Public Access Fee Schedule, Effective January 1, 2020 (Fee Schedule), https://perma.cc/SJ95-6MJG. Paragraph 8 of the Fee Schedule lists the automatic fee exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.

- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.

- No fee is charged for access to judicial opinions.

- No fee is charged for viewing case information or documents at courthouse public access terminals.

- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every 90 days) a list of the trustee's cases from the PACER Case Locator.

*Id.*

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. Fee Schedule ¶ 9. A party seeking a discretionary exemption cannot rely on her IFP status alone. *Oliva v. Brookwood Coram I, LLC*, No. 14 Civ. 2513, 2015 WL 1966357, at *1–2 (E.D.N.Y. Apr. 30, 2015) ("[A] party seeking a discretionary exemption [of PACER fees] cannot rely on his [IFP] status alone." (quotations and citations omitted)). Instead, the party must demonstrate that an exemption beyond the automatic exemptions "is necessary . . . to avoid unreasonable burdens and to promote public access to information." *Id.* (quoting *Mallgreen v. Parties in this Petition*, No. 13 Civ. 3660 (S.D.N.Y. Aug. 1, 2013)).

Under the automatic exemptions, and as a *pro se* litigant, Plaintiff is entitled to one free electronic copy of all documents filed electronically in her case. In addition, Plaintiff has consented to electronic service, and thus will receive notices of court activity and documents by email. ECF No. 3. Aside from noting her IFP status, Plaintiff alleges no facts suggesting that she will suffer an unreasonable burden without free access to PACER, or that she needs free access to PACER to obtain information about this case.

Accordingly, the Court DENIES the motion without prejudice to renewal should there be a demonstrable need in the future for waiver of the PACER fees.

**E.      Motion to Bring Personal Electronic Devices into the Courthouses**

Plaintiff filed a "Proposed Order to Bring Personal Electronic Device(s) or General Purpose Computing Device(s) into the Courthouses of the Southern District of New York for Use in a Proceeding or Trial." ECF No. 5. Because there is no in-court proceeding or trial currently scheduled, Plaintiff's request is DENIED without prejudice to renewal at a later stage, when Plaintiff may need to bring electronic devices into the courthouse for an in-person proceeding.

## CONCLUSION

Seren Fashion Art & Interiors, LLC is DISMISSED as a plaintiff from this action without prejudice. The Clerk of Court is respectfully directed to terminate this defendant from this matter.

The Court DENIES without prejudice the motions for permission to bring electronic devices into the courthouse, to waive PACER fees, and the motion for an emergency preliminary injunction. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 11 and 13.

The Court directs Plaintiff, within 30 days, to provide the addresses where Defendants may be served. No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action without prejudice.

The Clerk of Court is further directed to mail an information package to Plaintiff.

Plaintiff consents to electronic service. ECF No. 3.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   October 2, 2024
        New York, New York

                                                  ANALISA TORRES
                                            United States District Judge