UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                Plaintiff,

       -v-

NICKOLAOS RENTOULIS, ET AL.,

                Defendants.

**ORDER**

24-CV-6476 (AT) (HJR)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/2024

HENRY J. RICARDO, United States Magistrate Judge.

    Plaintiff Waheed has moved to compel Defendants to comply with a subpoena, for a finding of contempt, and to request that the Court issue an arrest warrant. ECF No. 43. For the reasons stated below, Plaintiff Waheed's motion is DENIED.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff Waheed brings this action to recover property she alleges was improperly taken and auctioned. ECF No. 10. The Court entered an Order of Service on October 31, 2024. ECF No. 40. On November 13, 2024, summonses were issued as to Defendants. ECF No. 45. Pursuant to the Order of Service, the deadline for the U.S. Marshals Service to effect service upon Defendants is January 12, 2025. ECF No. 40 at 2.

    On November 7, 2024, Plaintiff Waheed moved to compel compliance with a subpoena and for an arrest warrant. ECF No. 43. Plaintiff asserts that Defendants failed to comply with a subpoena she claims was served on October 30, 2024. *Id.* at

2, 10. Plaintiff also alleges that Defendants violated New York Penal Law § 155.42 through theft of her personal and business property. *Id.* at 7.

II.   ANALYSIS

    A.   **Motion to Compel Compliance with Subpoena and for a Contempt Finding**

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas. A subpoena may be served by "[a]ny person who is . . . *not a party*[.]" Fed. R. Civ. P. 45(b)(1) (emphasis added). "Serving a subpoena requires delivering a copy to the named person[.]" *Id.* In the past, courts generally interpreted Rule 45 to require personal service in all circumstances. *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed., 2024 update); *Agran v. City of New York*, 1997 WL 107452, at *1 (S.D.N.Y. Mar. 11, 1997). More recently, courts in this Circuit have authorized service of subpoenas by alternative means after diligent attempts at personal service. *See Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017); *JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (granting alternative service after nine attempts). "Although case law is split as to whether a subpoena may be validly served . . . by any means other than personal delivery to the witness . . . alternate service *must be authorized by a court*." *Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) (emphasis in original); *see Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016).

The proof of service states that Plaintiff Waheed herself served the subpoena on the named persons via electronic service by "email and court site." ECF No. 43

2

at 10.  There is no other proof of service in the record.  Plaintiff Waheed is a party in this action and therefore cannot effect service of the subpoena.  *See* Fed. R. Civ. P. 45(b)(1).  Nor is electronic service proper in this instance.  There is no indication that the persons named on the subpoena consented to electronic service or that Plaintiff Waheed sought authorization from the Court for service by any means other than personal delivery.

Further, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized[.]"  Fed. R. Civ. P. 26(d)(1).  As there is no indication that Plaintiff Waheed conferred with the other parties in this action before seeking discovery by subpoena, nor any argument that an exception applies such that Plaintiff was authorized to seek discovery before such conferral, Plaintiff Waheed's subpoena was premature.

Even if the subpoena had been properly authorized and served, the action that Plaintiff Waheed demands—to take property from the named persons and to deliver it to Plaintiff—is not a proper use of a subpoena.  A subpoena is a device that requires a person to appear to testify at a deposition or court proceeding, or to produce documents and records.  Subpoenas are typically used by parties in a lawsuit to obtain evidence from non-party witnesses.  Here, Plaintiff Waheed appears to be using a subpoena to achieve the return of the property at issue in this action.  The subpoena is improper for this reason.

As there is no evidence that the subpoena has been properly authorized and served, the persons named on the subpoena cannot be ordered to comply or be held in contempt of court for failure to respond to the subpoena.

For these reasons, the motion to compel compliance with a subpoena and for contempt is DENIED.

### B. Motion for Arrest Warrant

Plaintiff Waheed seeks an arrest warrant on the basis of alleged violation of New York Penal Law § 155.42, among other alleged violations of law. ECF No. 43 at 2. "As a general matter . . . crimes are prosecuted by the government, not by private parties." *Johnson v. Allick*, 2019 WL 569106, at *5 (E.D.N.Y. Feb. 12, 2019) (cleaned up). Because Plaintiff Waheed is a private party, her motion for an arrest warrant is DENIED.

## CONCLUSION

For the reasons discussed above, Plaintiff Waheed's motion to compel compliance with a subpoena, for a contempt finding and for an arrest warrant is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at ECF No. 43.

**SO ORDERED.**

Dated: November 15, 2024
      New York, New York

Henry J. Ricardo
United States Magistrate Judge