USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                Plaintiff,

    -v-

NICKOLAOS RENTOULIS, ET AL.,

                Defendants.

**ORDER**

24-CV-6476 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On April 2, 2025, Plaintiff filed a motion for exemption from payment of the PACER user fee. ECF No. 112. Plaintiff previously requested such a waiver, *see* ECF No. 12, which the Court denied "without prejudice to renewal should there be a demonstrable need in the future for waiver of the PACER fees." ECF No. 2 at 6.

As the Court has explained before, the Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER. See Electronic Public Access Fee Schedule, Effective January 1, 2020 (Fee Schedule), https://perma.cc/SJ95- 6MJG. Paragraph 8 of the Fee Schedule lists the automatic fee exemptions, including for parties in a case (including *pro se* litigants) who receive one free electronic copy of each document filed electronically via the notice of electronic filing, and for viewing case information or documents at courthouse public access terminals. *Id.*

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. Fee Schedule ¶ 9. A party seeking a

discretionary exemption cannot rely on her IFP status alone. *Oliva v. Brookwood Coram I, LLC*, No. 14-CV-2513, 2015 WL 1966357, at *1–2 (E.D.N.Y. Apr. 30, 2015) ("[A] party seeking a discretionary exemption [of PACER fees] cannot rely on his [IFP] status alone." (cleaned up)). Instead, the party must demonstrate that an exemption beyond the automatic exemptions "is necessary . . . to avoid unreasonable burdens and to promote public access to information." *Id.* (quoting Fee Schedule ¶ 9).

As the Court reasoned previously, Plaintiff is entitled to one free electronic copy of all documents filed electronically in her case under the automatic exemptions. In addition, Plaintiff consented to receive electronic service and will therefore receive email notices of all case activity on the docket. ECF No. 3. Further, Plaintiff can access case information and documents in her case using the courthouse public access terminals, Fee Schedule ¶ 8, and may access up to $30 in charges per quarter from home with no charge. *See* https://pacer.uscourts.gov/pacer-pricing-how-fees-work (last visited Apr. 10, 2025).

Plaintiff does not provide any information beyond her IFP status, which alone is not a sufficient basis for a discretionary exemption, to explain why she needs free access to PACER to obtain information about this case or that she will suffer an unreasonable burden without free access. In fact, Plaintiff's numerous filings in this case demonstrate that she is able to review the documents on the docket and respond to them with her own filings. Plaintiff consented to receive

electronic service via the ECF system and thus receives free access to each document filed on the docket, and Plaintiff can readily access the docket for her case using the courthouse public access terminals. Given these circumstances, exemption from payment of the PACER fees is not necessary to avoid unreasonable burdens or to promote public access to information.

## CONCLUSION

Plaintiff's Motion for exemption from payment of the PACER user fee is therefore DENIED without prejudice to renewal.

The Clerk of Court is respectfully directed to terminate Plaintiff's Motion at ECF No. 112 as DENIED.

**SO ORDERED.**

Dated: April 10, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge