USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

               Plaintiff,

    -v-

NICKOLAOS RENTOULIS, *et al.*,

           Defendants.

**REPORT AND
RECOMMENDATION**

24-CV-6476 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Analisa Torres, United States District Judge:**

Plaintiff Sehra Waheed brought this action seeking declaratory relief, injunctive relief, and monetary damages after the contents of her rental storage units were sold through an online auction.  She is suing the company that owns the storage units, its corporate officers and affiliates, the company that conducted the auction, its affiliates and principals, and the two individuals who purchased these items and a company that they run.  These last three defendants, Nickolaos Rentoulis, Androniki Rentoulis, and Irini's Originals (the "Moving Defendants") move to dismiss the claims against them under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.  Plaintiff opposes the motion and makes her own motion to obtain jurisdictional discovery.  For the reasons stated here, the undersigned **RECOMMENDS** that the Moving Defendants' motion be **GRANTED** and that Plaintiff's motion be **DENIED**.

## I.    BACKGROUND[1]

### A.    Factual Background

From May 2012 through early 2024, Plaintiff rented storage units from Defendant Manhattan Mini Storage, identified in the caption as SM 1 MMS, LLC d/b/a Manhattan Mini Storage, LLC, where she kept personal possessions and items relating to her business.  Amended Complaint ("Am. Compl."), Dkt. No. 10, at 7. New York's Human Resources Administration Family Independence Office ("HRA") made the rental payment for these units.  *Id.*  For reasons that are unclear on the present record, the HRA made no payment in January of 2024.  *Id.*

In February 2024, Manhattan Mini Storage sold the contents of Plaintiff's rental storage units through an online auction conducted by Defendant Storage Treasures, LLC.  *Id.* at 8.  Nickolaos Rentoulis purchased these items at the auction.  *Id.* at 9.  His wife, Androniki Rentoulis, is the owner of defendant Irini's Originals ("Irini's"), a Delaware bridal store.  *Id.* at 3.

This is not the first action that Plaintiff has filed regarding these events.  On March 21, 2024, Plaintiff filed a suit in New York state court against Manhattan Mini Storage and its related entities as well as the Moving Defendants.  Declaration of Nikolaos Rentoulis in Support of Motion to Dismiss Plaintiff's Amended Complaint dated February 7, 2025 ("N. Rentoulis Decl."), Dkt. No. 77-2, ¶ 3; *Waheed*

---

[1] The facts and procedural history are drawn from the Amended Complaint, the Moving Defendants' affidavits, and state court filings.  *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013) (courts may consider materials outside the pleadings in analyzing a motion to dismiss under Rule 12(b)(2)); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of court filings).

*v. Storage Mart LLC et al.*, Index No. 152550/2024 (N.Y. Sup. Ct. New York County). In her state court case, Plaintiff made the same core allegations that she makes here: that Manhattan Mini Storage and the Moving Defendants improperly took her property. State Court Summons and Complaint, *Waheed v. Storage Mart LLC et al.*, Index No. 152550/2024, NYSCEF Doc. No. 1. On August 22, 2024, the state court granted a motion to dismiss, finding that the Moving Defendants lacked sufficient contacts with New York to establish personal jurisdiction under New York's long arm statute. State Court Decision and Order, Brodsky Decl. Ex. 7, Dkt. No. 77-7.

### B.    Procedural History

Plaintiff filed her Complaint in this action on August 23, 2024, listing her company as a co-plaintiff. Dkt. No. 1. Soon thereafter, Plaintiff sought a writ of replevin, a preliminary injunction, certificates of default, and default judgments. Dkt. Nos. 11, 13, 14, 17. On October 2, 2024, Judge Torres denied Plaintiff's motions without prejudice and dismissed the corporate plaintiff because corporate parties must be represented by counsel. Dkt. No. 21.

Plaintiff filed an Amended Complaint on September 18, 2024. Dkt. No. 10. The Amended Complaint asserts numerous causes of action, including various federal and state tort claims as well as claims grounded in criminal statutes and the constitution. Dkt. No. 10 at 11–29. Fundamentally, Plaintiff alleges that the auction and subsequent disposition of her belongings were improper and her multiple causes of action are all grounded in that core contention. Very broadly, Plaintiff's legal claims consist of (1) theft of intellectual property related to

Plaintiff's business that was housed in the storage units; (2) breach of contract by the Manhattan Mini Storage defendants; (3) conversion of the property held in the storage units; (4) HIPAA violations because Plaintiff's medical records were kept in the storage units and included in the auction; (5) violations of New York state law for not providing proper notice prior to auctioning the contents of the storage units; (6) intentional and negligent infliction of emotional distress; (7) violations of city, state, and federal disability laws; (8) federal and state crimes; and (9) violations of constitutional rights.[2]  Am. Compl. at 11–29.  Plaintiff seeks "at least" $5,000,000 in damages, including compensatory damages of triple the value of her property, which she values at $439,854.97, punitive damages, and a civil penalty.  *Id.* at 35.

On October 17, 2024, this case was referred to Magistrate Judge Sarah L. Cave for General Pretrial.  Dkt. No. 22.  This referral was reassigned to the undersigned on October 18.  The order of reference was later amended to include the instant motion to dismiss, which is described below.  Dkt. No. 91.

On February 10, 2025, the Moving Defendants filed the instant motion to dismiss for lack of personal jurisdiction.  Dkt. No. 76.  In support of the motion, they filed a memorandum of law ("Def. Mem."), Dkt. No. 78, the Declaration of Jeffrey P. Brodsky dated February 10, 2025 ("Brodsky Decl."), Dkt. No. 77, and supporting exhibits, Dkt. Nos. 77-1–8, including filings from Plaintiff's state court action.

---

[2] The Court notes that there is no private right of action for violation of these criminal statutes.  *See, e.g., Johnson v. Allick*, 2019 WL 569106, at *5 (E.D.N.Y. Feb. 12, 2019) ("As a general matter . . . crimes are prosecuted by the government, not by private parties.").  Further, Plaintiff never explains her basis for asserting constitutional claims against non-governmental actors.

On February 11, 2025, Plaintiff filed two separate factual affidavits, ("Pl. Aff."), which appear to be identical. Dkt. Nos. 81, 83. Although styled as affidavits, these documents are, in substance, oppositions to the motion to dismiss and are treated as such. On February 12, Plaintiff filed an "Edits to Affidavit of Facts" ("Pl. Aff. Edits"), which the Court will consider as supplemental briefing. Dkt. No. 84.

On March 3, 2025, Plaintiff filed her opposition brief ("Pl. Opp."). Dkt. No. 98. That same day, she filed a motion for jurisdictional discovery ("Pl. Discovery Motion"). Dkt. No. 99. The Moving Defendants filed their reply papers on March 10, 2025 ("Def. Reply"). Dkt. No. 104.

Plaintiff made numerous additional filings in opposition to the motion to dismiss and in support of her motion for jurisdictional discovery. *See* Dkt. Nos. 102, 107, 108, 113, 114, 119. Although these additional filings are unauthorized and improper, and cause Plaintiff's submissions to exceed the word-count limit that applies to motions, they have been considered nonetheless.

## II.    ANALYSIS

The Moving Defendants argue that because another court already determined that they are not subject to personal jurisdiction in New York, the doctrine of collateral estoppel precludes Plaintiff from relitigating personal jurisdiction here. Def. Mem. at 12–13. Additionally, the Moving Defendants present an independent argument that they are not subject to either general or specific personal jurisdiction under New York law. *Id.* at 5–11. Because I recommend a finding that Plaintiff is precluded from relitigating whether the Moving Defendants are subject to personal jurisdiction in New York, it is not

5

necessary to make an independent determination of whether the Moving Defendants are subject to personal jurisdiction.

### A.    Standards for Pro Se Litigants

While *pro se* complaints are read liberally "to raise the strongest arguments they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted), they must still state a plausible claim for relief.  *Walker v. Schult,* 717 F.3d 119, 124 (2d Cir. 2013).  Thus, a district court should dismiss a *pro se* plaintiff's complaint if it "fail[s] to meet minimum pleading requirements." *Kinsey v. Bloomberg,* No. 12-CV-8936 (PAE) (JCF), 2014 WL 630670, at *3 (S.D.N.Y. Feb. 18, 2014).

Submissions made by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (courts are "obligated to construe a *pro se* complaint liberally").  As a result, the Court may consider allegations that appear in a *pro se* plaintiff's motion papers or other submissions to the Court as well as in her pleadings.  *See, e.g., Freud v. N.Y.C. Dep't of Educ.*, No. 21-CV-2281 (MKV), 2022 WL 889213, at *4 (S.D.N.Y. Mar. 25, 2022) (courts "may also consider factual statements made in the *pro se* Plaintiff's opposition to the motion to dismiss") (citing *Walker*, 717 F.3d at 122 n.1).  Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading; "dismissal . . . is proper if the complaint lacks an allegation regarding an element necessary to obtain relief."  *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (cleaned up).

**B.    Plaintiff is Precluded from Relitigating the Issue of Personal Jurisdiction**

The doctrine of issue preclusion, also referred to as collateral estoppel, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001). "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply New York preclusion law to New York state court judgments." *Yu v Knighted, LLC*, 811 F App'x 55, 56 (2d Cir. 2020). Issue preclusion applies to jurisdictional determinations, including those of personal jurisdiction, notwithstanding that a dismissal for lack of personal jurisdiction does not constitute an adjudication "on the merits" for claim preclusion (*i.e.* res judicata) purposes. *See, e.g., Manko v. Gabay,* 175 A.D.3d 484, 486, (2d Dep't 2019); *Keeler v. W. Mountain Corp.,* 105 A.D.2d 953, 954 (3d Dep't 1984).

Under New York law, issue preclusion will apply only if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *CIT Bank N.A. v Donovan*, 856 F App'x 335, 337 (2d Cir. 2021) (cleaned up). "The burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in [the] prior action or proceeding." *Ryan v NY Tel. Co.*, 62 N.Y.2d 494, 501 (1984).

7

As discussed above, Plaintiff filed a similar action against the Moving Defendants in New York state court. *See Waheed v. Storage Mart LLC et al.*, Index No. 152550/2024. As in this case, Plaintiff alleged that Manhattan Mini Storage and the Moving Defendants stole her property. Summons and Complaint, *Waheed v. Storage Mart*, NYSCEF Doc. No. 1, at 8–17. In the state court case, the Moving Defendants moved to dismiss the claims against them for lack of personal jurisdiction. State Court Decision and Order at 1.

The state court granted this motion to dismiss, finding that the Moving Defendants lacked sufficient contacts with New York to establish personal jurisdiction under New York's long arm statute. *Id.* 4–5. In reaching this conclusion, the court cited cases holding that a single instance of an individual purchasing goods physically located in New York at an online marketplace does not subject the purchaser to personal jurisdiction. *Id.* Defendants in the state court action filed a notice of entry of the order granting the motion to dismiss on August 22, 2024, one day before the instant action was filed in federal court. *See Waheed v. Storage Mart*, Index No. 152550/2024, NYSCEF Doc. Nos. 180–83. It appears that this filing of a notice of entry constituted service upon Plaintiff because the docket states that all parties recorded their participation in the state court's e-filing system. The state court docket does not include a notice of appeal from this order and the time to file a notice of appeal has expired. *See* N.Y. C.P.L.R. § 5513(a). The most recent filing on the state court docket is a proposed order to show cause to seal

the entire case filed by Plaintiff on January 25, 2025.  *Waheed v. Storage Mart*,

Index No. 152550/2024, NYSCEF Doc. No. 187.

In deciding whether issue preclusion applies, the Court first must determine

whether "the issue in question was actually and necessarily decided in a prior

proceeding." *CIT Bank N.A. v. Donovan,* 856 F App'x at 337.  The issue of personal

jurisdiction raised in state court is identical to the one before the Court presently:

whether the Moving Defendants are subject to personal jurisdiction under New

York law.  As a federal court sitting in New York state, this Court applies the

jurisdictional laws of New York.  *Kronisch v. United States,* 150 F.3d 112, 130 (2d

Cir. 1998).  Further, this issue was necessarily decided by the New York state court

because it was the basis for the dismissal of the claims against the Moving

Defendants.  State Court Decision and Order at 7.  As a result, the first of the two

requirements for applying collateral estoppel has been established.

Plaintiff resists preclusion on the grounds that her federal case asserts

causes of action that were not presented in state court.  Pl. Opp. at 20.  While

Plaintiff asserts different legal claims here than she asserted in state court, the

facts underlying the two cases are fundamentally the same.  Further, the *issue*

presented on this motion is identical to that decided in state court:  whether the

Moving Defendants are subject to personal jurisdiction under New York law.  *See*

*Parker v. Blauvelt Volunteer Fire Co.,* 93 N.Y.2d 343, 349 (1999) ("Collateral

estoppel, or issue preclusion, precludes a party from relitigating in a subsequent

action or proceeding an issue clearly raised in a prior action or proceeding and

decided against that party . . . , whether or not the tribunals or causes of action are the same.") (citation omitted).  Because the issue presented on this motion – whether the Moving Defendants are subject to personal jurisdiction under New York law – is identical to the issue decided in state court, issue preclusion applies.

Plaintiff's opposition also suggests that issue preclusion should not apply because Plaintiff now presents a different—and potentially stronger—theory of personal jurisdiction than she did in state court.  Here, Plaintiff asserts in her opposition papers that the individual Moving Defendants traveled to New York to pick up the auctioned items and that this physical entry into New York creates personal jurisdiction.  Pl. Opp. at 9.[3]  Indeed, had this argument been presented in state court, it might well have altered that court's jurisdictional analysis.  *Cf. Sichkin v Leger*, No. 11-CV-1067 (NGG) (VVP), 2012 US Dist LEXIS 108550 (E.D.N.Y. July 30, 2012) (finding lack of jurisdiction under CPLR § 302(a) because out of state auction purchaser defendant never physically entered New York).  But this new argument cannot save Plaintiff from preclusion because she was aware that Androniki and Nickolaos Rentoulis had traveled to New York during her prior litigation and thus could have presented this same argument in state court.  *See* Pl. Aff. ¶ 62 ("I was there [at the storage building in New York] to STOP . . . these two crooks [Nickolaos and Androniki Rentoulis] from entering trespassing [sic] my units

---

[3] Plaintiff did not advance this same argument, based on the Moving Defendants' physical entry into New York, in state court. *See Waheed v. Storage Mart LLC et al.*, Index No. 152550/2024, NYSCEF Doc. No. 65.

. . . I was there and I saw them stealing[.])"[4]  A personal jurisdiction issue litigated in an earlier case is generally considered identical unless "the plaintiff alleges new material facts that could not have been previously discovered in the exercise of due diligence[.]"  *Krepps v. Reiner*, 588 F. Supp. 2d 471, 478 (S.D.N.Y. 2008), *aff'd,* 377 F. App'x 65 (2d Cir. 2010).  Here, Plaintiff represents that she personally witnessed the Moving Defendants while they were physically present in New York to take possession of the auctioned items.  Thus, Plaintiff was aware of these facts from the outset, and the Moving Defendants' physical presence in New York cannot qualify as "new material facts" that were unavailable to Plaintiff during her state court proceeding.  *Krepps v. Reiner*, 588 F. Supp. 2d at 478.

Next, the Court must determine whether Plaintiff had a full and fair opportunity to litigate the issue of personal jurisdiction in state court.  The key inquiry is whether the Plaintiff "was fully able to raise the same factual or legal issues as she asserts here."  *LaFleur v. Whitman*, 300 F.3d 256, 274 (2d Cir. 2002).  It is Plaintiff's burden to show that she did not have this opportunity.  *Ryan*, 62 N.Y.2d at 501.

In her opposition, Plaintiff argues that she did not have a fair opportunity to litigate personal jurisdiction because she was pro se.  Pl. Opp. at 20.  But pro se

---

[4]*See also* Pl. Discovery Motion ¶ 23 (describing how Plaintiff was present when the individual Moving Defendants went to Manhattan to pick up the storage unit contents and she took at least one photo of their van); Dkt. No. 102 ¶ 18 ("I was standing at the [Manhattan] location and I saw both these Defendant's Nicholas Rentoulous and his wife Niki Rentoulous filling up their white van[.]"); Dkt. No. 107 ¶ 23 (describing a photo Plaintiff took of the individual Moving Defendants at the Manhattan storage unit facility); Dkt. No. 108 ¶ 23 (same).

status alone does not preclude a party from being able to fully and fairly litigate an issue. *See O'Callaghan v. City of New York*, 2016 WL 7177509, at *7 (S.D.N.Y. Dec. 8, 2016) (finding that pro se plaintiffs' claims were precluded because they had been litigated in state court, noting, "[a] plaintiff's status as a pro se litigant does not, by itself, preclude barring a claim under the doctrine of collateral estoppel[.]"); *Ajamian v. Nimeh*, 2016 WL 3948067, at *4 (E.D.N.Y. July 19, 2016) ("[T]he doctrines of res judicata and collateral estoppel apply to pro se litigants.") (emphasis removed) (citing *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002)); *Shirley v Danziger*, 252 A.D.2d 969, 971 (4th Dep't 1998) ("We reject the contention of plaintiff that she did not have a full and fair opportunity to litigate any breach of contract issue in the first action because she was proceeding pro se at the time.") (citations omitted).

The state court record demonstrates that Plaintiff was an active participant in the litigation, and opposed the motions to dismiss in that case. *See Waheed v. Storage Mart LLC et al.*, Index No. 152550/2024, NYSCEF Doc. No. 65. Plaintiff fails to demonstrate that she did not receive a full and fair opportunity to litigate the issue of personal jurisdiction in state court. The fact that plaintiff now presents what appears to be a stronger jurisdictional argument than she did in state court does not mean that she lacked an opportunity to present that same argument earlier.

Because the issue of personal jurisdiction over the Moving Defendants was fully adjudicated by the New York state court, Plaintiff is estopped from relitigating

12

that question here.  Accordingly, the case against the Moving Defendants should be dismissed for lack of personal jurisdiction.

### C.  Plaintiff's Motion for Jurisdictional Discovery Should Be Denied

In addition to opposing the motion to dismiss, Plaintiff also filed a motion for jurisdictional discovery.  Dkt. No. 99.  Plaintiff claims that she needs additional discovery concerning the Moving Defendants' participation in online storage unit auctions, as well as video footage from the date that Nickolaos and Androniki Rentoulis went to New York to pick up the auctioned items.  *Id.* at 6.

"In evaluating jurisdictional motions, district courts enjoy broad discretion in deciding whether to order discovery." *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 811–12 (S.D.N.Y. 2005), *on reconsideration in part*, 392 F. Supp. 2d 539 (S.D.N.Y. 2005), *and aff'd*, 538 F.3d 71 (2d Cir. 2008), *and aff'd*, 538 F.3d 71 (2d Cir. 2008), *and aff'd*, 714 F.3d 118 (2d Cir. 2013).  *See also, e.g., APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (noting a court may 'devis[e] the procedures [to] ferret out the facts pertinent to jurisdiction'); *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981) (noting a court has considerable procedural leeway in deciding whether discovery would assist resolution of motion to dismiss for lack of personal jurisdiction); *Lehigh Valley Indus. v. Birenbaum,* 527 F.2d 87, 93–94 (2d Cir. 1975) (finding no abuse of discretion in denying discovery where the complaint failed to plead sufficient facts to establish jurisdiction).

As discussed in Part B above, the Moving Defendants' motion should be granted on the basis of collateral estoppel, as opposed to an independent

determination of whether the Moving Defendants' contacts with New York are sufficient to subject them to personal jurisdiction in this case. Accordingly, jurisdictional discovery, which focuses on the Moving Defendants' forum contacts, would not allow Plaintiff to prevail in the present motion. Moreover, New York state courts allow for jurisdictional discovery, *see, e.g.*, *American BankNote Corp. v Daniele*, 45 A.D.3d 338, 340 (1st Dep't 2007), and Plaintiff has not alleged she was preventing from seeking jurisdictional discovery in her state court case. Plaintiff's motion for jurisdictional discovery should be **DENIED**.

## III.    CONCLUSION

Because Plaintiff is precluded from contesting the state court's determination that the Moving Defendants are not subject to personal jurisdiction in New York, as that issue was fully presented and adjudicated, the Moving Defendants' motion to dismiss should be **GRANTED**. Because discovery could not change the outcome of the motion to dismiss, Plaintiff's motion for jurisdictional discovery should be **DENIED**.[5]

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any

---

[5] Plaintiff's motion for jurisdictional discovery is non-dispositive and could, in theory, be decided by order as opposed to being part of a report and recommendation. Here, however, where the undersigned would deny the motion for jurisdictional discovery *because of* the grounds upon which the dispositive motion to dismiss should be granted, it is prudent to include resolution of the motion for jurisdiction discovery in the report and recommendation instead of issuing it as a separate order.

responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres, United States Courthouse, 500 Pearl Street, New York, NY 10007.  Any requests for an extension of time for filing objections must be directed to Judge Torres.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 11, 2025
    New York, NY

Hon. Henry J. Ricardo
United States Magistrate Judge

15