```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

               Plaintiff,

-v-

NICKOLAOS RENTOULIS, ET AL.,

               Defendants.

**ORDER**

24-CV-6476 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court held a telephone conference on April 25, 2025 to address what the Court construed as a request for a pre-motion conference regarding a motion to amend the complaint, *see* ECF Nos. 110, and a request for a pre-motion conference regarding a motion to compel the Defendants' compliance with Plaintiff's discovery demands, *see* ECF Nos. 126, 128, 129, 132, 135, 136, 140.

## DISCUSSION

### A. Motion to Amend

On April 2, 2025, Plaintiff filed a motion to amend the operative complaint, ECF No. 10, and filed a proposed second amended complaint. *See* ECF Nos. 110–11. By Order dated April 10, 2025, the Court construed Plaintiff's motion as a letter motion for a pre-motion conference regarding a motion to amend. ECF No. 123.

On April 14, 2025, Defendants SM 1 MMS, LLC, DBA Manhattan Mini Storage, Burnam Smartco, LLC, Cris Burnam, Mike Burnam, Storage Treasures, LLC, OpenTech Alliance, Inc., and Robert Chiti (the "Storage Defendants") opposed

1

Plaintiff's request to amend the complaint. ECF No. 130. During the April 25 conference, the Storage Defendants withdrew their argument that amendment of the complaint would be prejudicial.

On April 16, 2025, Defendants Nikolaos Rentoulis, Androniki Rentoulis, and Irini's Originals, LLC (the "Auction Purchaser Defendants") also opposed Plaintiff's motion to amend the complaint and requested that the Court hold in abeyance its decision pending the final resolution of their motion to dismiss.

For the reasons discussed during the April 25 telephone conference, the Court holds in abeyance a decision on the motion to amend the operative complaint until Judge Torres resolves the objections to the undersigned's report and recommendation that the Auction Purchaser Defendants' motion to dismiss be granted.

### B. Motions to Compel

On April 10, 2025, Plaintiff made two filings styled as a "Proposed Order to Show Cause," ECF No. 128, and a "Memorandum of Law" in support of the proposed order to show cause, ECF No. 129. On April 11, 2025, Plaintiff made a filing styled as a "Memorandum of Law in Support of Order to Show Cause for Summary Judgment in Plaintiff's Favor Due to Defendant's Non-Compliance with Discovery Demand." ECF No. 126. On April 13, 2025, Plaintiff made a filing styled as a "Motion for Default Judgment for Discovery Non-Compliance by Storage Defendants." ECF No. 132. On April 14, 2025 Plaintiff made two filings that

appear to be identical to her April 13 filing, ECF Nos. 135–36, and one filing that appears to be identical to her April 10 proposed order to show cause, ECF No. 140.

Upon the Court's initial review of these submissions, the Court construed the submissions as requesting relief regarding the Storage Defendants' responses, or lack thereof, to Plaintiff's discovery demands and scheduled a pre-motion conference to address these disputes. ECF Nos. 133–34. On April 17, 2025, the Storage Defendants filed their response to the discovery dispute raised in Plaintiff's filings. ECF No. 141. On April 17, 2025, Plaintiff filed a reply letter. ECF No. 146.

During the April 25 conference, the Storage Defendants represented that they had served written responses and objections and produced documents in response to Plaintiff's discovery demands. Therefore, the Court finds that any dispute as to the adequacy of the discovery provided by the Storage Defendants is premature. Plaintiff's motions are DENIED without prejudice to file a new motion about the adequacy of the Storage Defendants' responses and production once Plaintiff has reviewed those materials and conferred with counsel for the Storage Defendants.

As discussed during the April 25 conference, the parties are advised that if there is a discovery dispute, the parties should first confer and attempt to resolve the dispute without court intervention. If court intervention becomes necessary, the party seeking relief should file a letter motion on the docket, not to exceed four pages, and the party opposing the requested relief should file a letter response within two business days. The parties should refer to Section II.B.1 of Judge

Ricardo's Individual Rules and Practices for Civil Cases, available at https://nysd.uscourts/gov/hon-henry-j-ricardo, for additional information about the procedure to raise discovery disputes before Judge Ricardo.

### C. Amended Discovery Schedule

Based on the foregoing, it is apparent that the discovery schedule in this case requires amendment as follows:

1. All discovery remains stayed as to the Auction Purchaser Defendants until further order by this Court.

2. All other discovery shall proceed according to the following amended schedule:

   - All fact discovery, including depositions of fact witnesses, shall be completed by June 30, 2025;
   - Plaintiff's expert reports, if any, shall be served by July 29, 2025;
   - Defendants' expert reports, if any, shall be served by August 29, 2025; and
   - Depositions of all expert witnesses shall be completed by September 26, 2025.

## CONCLUSION

For the reasons discussed above, the Court holds in abeyance a decision on the motion to amend the complaint until Judge Torres resolves the objections to the undersigned's report and recommendation on the Auction Purchaser Defendants' motion to dismiss.

4

The Auction Purchaser Defendants' letter motion to stay Plaintiff's motion to amend the complaint at ECF No. 138 is GRANTED IN PART and DENIED IN PART, and the Clerk of Court is respectfully directed to terminate the open motion at ECF No. 138 as such.

Plaintiff's motion to compel the Storage Defendants' compliance with discovery requests is DENIED as premature. The Clerk of Court is respectfully directed to terminate the open motions at ECF Nos. 132, 135, and 136 as DENIED without prejudice.

The discovery schedule is amended as set forth above.

**SO ORDERED.**

Dated: April 28, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge