UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                Plaintiff,

                -against-

IRINI'S ORIGINALS, LLC, NICKOLAOS RENTOULIS, INDIVIDUALLY, ANDRONIKI RENTOULIS, INDIVIDUALLY, SM 1 MMS, LLC, DBA MANHATTAN MINI STORAGE, LLC, BURNAM SMARTCO, LLC, CRIS BURNAM AS CEO OF BURNAM SMARTCO, LLC & INDIVIDUALLY, MIKE BURNAM AS PRESIDENT & CIO OF BURNAM SMARTCO, LLC & INDIVIDUALLY, STORAGE TREASURES, LLC, OPENTECH ALLIANCE, INC, ROBERT A. CHITI, AS CEO OF STORAGE TREASURES, LLC & INDIVIDUALLY,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/3/2025____

24 Civ. 6476 (AT) (HJR)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Sehra Waheed, brings this action seeking relief after a rental storage company auctioned off her belongings. *See generally* Am. Compl., ECF No. 10. Waheed sues the company that owned her rented storage unit, its officers and affiliates, the company that conducted the auction, its chief executive officer and affiliate, and two people who purchased her property and a company they run. *Id.* These last defendants, Nickolaos Rentoulis, Androniki Rentoulis, and Irini's Originals, LLC (together, the "Purchaser Defendants"), moved to dismiss Waheed's claims against them for lack of personal jurisdiction. *See* ECF Nos. 76–78.

    On April 11, 2025, the Honorable Henry J. Ricardo issued a report (the "R&R") recommending that Waheed's claims against the Purchaser Defendants be dismissed because a New York state court previously found, in a similar action filed by Waheed, that the Purchaser Defendants lacked sufficient contacts with New York to establish personal jurisdiction under the

state's long arm statute, and Waheed is barred from relitigating this issue under the doctrine of issue preclusion, or collateral estoppel. *See generally* R&R, ECF No. 125. Before the Court are Waheed's timely objections to the R&R, ECF Nos. 137, 139,[1] the Purchaser Defendants' response, ECF No. 151, and Waheed's reply, ECF No. 155.[2] For the reasons stated below, the Court adopts the R&R in full and grants the Purchaser Defendants' motion to dismiss.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* the portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). But when a party does not object, or "makes only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A finding is clearly erroneous if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

Because Waheed is proceeding *pro se*, the Court construes her submissions "liberally" and interprets them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

---

[1] ECF Nos. 142 and 143 appear to be duplicates of ECF Nos. 137 and 139.

[2] The Court exercises its discretion to consider the arguments contained in Waheed's unauthorized reply. *See* ECF Nos. 155–56.

**DISCUSSION**

In her relevant objections,[3] Waheed argues that the Purchaser Defendants traveled to New York to pick up her belongings and signed a contract relating to the auction (the "Contract"), thus transacting business in the state sufficient to establish personal jurisdiction. ECF No. 137 at 21–23; Contract, ECF No. 143-1. She further contends that collateral estoppel does not prohibit a finding of personal jurisdiction here, first, because the state court did not view the Contract or address its effect on personal jurisdiction, and second, because counsel for the Purchaser Defendants fraudulently concealed the existence of the Contract and the fact that the Purchaser Defendants visited New York to pick up Waheed's property. ECF No. 137 at 24–37. In response, the Purchaser Defendants point out that they filed the Contract as an exhibit in the state court action and that it does not, therefore, constitute newly discovered evidence warranting relitigation of personal jurisdiction. ECF No. 151 at 6 & n.4; *see* Ex. D, *Waheed v. Storage Mart LLC*, No. 152550/2024 (N.Y. Sup. Ct. June 13, 2024), NYSCEF No. 61 (copy of Contract filed on the state court docket by the Purchaser Defendants in connection with their motion to dismiss).

Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Cullen v. Moschetta*, 207 A.D.3d 699, 700 (N.Y. App. Div. 2022) (quoting *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500 (1984)); *see also Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000) (explaining that federal courts apply the preclusion law of the rendering state). The doctrine applies, first, if an identical issue "must have been decided in the prior action and [is] decisive in the present action," and

---

[3] Waheed makes several arguments that are not relevant to the issue of personal jurisdiction and do not otherwise address the contents of the R&R. *See* ECF No. 137 at 5–21. The Court shall not address those arguments here.

second, if "the party to be precluded . . . had a full and fair opportunity to contest the prior determination." *Cullen*, 207 A.D.3d at 700 (quoting *In re Abady*, 22 A.D.3d 71, 81 (N.Y. App. Div. 2005)). Principles of collateral estoppel apply equally to the issue of personal jurisdiction. *See Bersoum v. Aboteat*, 568 F. Supp. 3d 443, 453 (S.D.N.Y. 2021); *see also Krepps v. Reiner*, 588 F. Supp. 2d 471, 476–78 (S.D.N.Y. 2008).

Whether this Court may exercise personal jurisdiction over the Purchaser Defendants is the same issue the state court previously considered and decided, and it is decisive of both actions. *See* ECF No. 77-7 at 4–5 (state court decision); *see also Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010) ("A district court's personal jurisdiction is determined by the law of the state in which the court is located."). Furthermore, Waheed, who actively participated in the state court litigation, had a "full and fair opportunity" to litigate the issue of personal jurisdiction. *Cullen*, 207 A.D.3d at 700 (quoting *Abady*, 22 A.D.3d at 81); *see* Pl. Opp. at 6–7, *Waheed*, No. 152550/2024 (June 14, 2024), NYSCEF No. 65 (Waheed's argument concerning personal jurisdiction filed in response to the Purchaser Defendants' motion to dismiss in state court).

Waheed contends that collateral estoppel does not apply because the issue of whether the Contract establishes personal jurisdiction was not argued at a hearing before the state court and was not mentioned in the state court's decision, nor was the fact that the Purchaser Defendants traveled to New York to pick up the auctioned property.[4] ECF No. 137 at 24, 26. But the relevant question is not whether Waheed raised a specific argument in the state court, but whether she *could* have raised the argument given the facts available to her at the time. *See Krepps*, 588 F. Supp. 2d at 478;

---

[4] Waheed also seeks relief under New York Civil Practice Law and Rules § 5015(a)(2), which authorizes a court to vacate a judgment based on the discovery of new evidence. ECF No. 137 at 25–26. Putting aside the issue of whether the relevant evidence was newly discovered, § 5015 does not help Waheed because it vests authority only in "[t]he court which rendered [the] judgment," here, the state court. N.Y. C.P.L.R. § 5015(a); *see Neshewat v. Salem*, 365 F. Supp. 2d 508, 517 (S.D.N.Y. 2005).

*Jeanson v. Middlegrove Ests. Inc.*, 222 A.D.2d 782, 783 (N.Y. App. Div. 1995).  As Waheed acknowledges, she had access to the Contract in the prior proceeding, ECF No. 137 at 24, and she personally saw the Purchaser Defendants take her auctioned belongings from the New York storage unit before she filed her state court action, *see* R&R at 10–11 & n.4.  Nor did the Purchaser Defendants' counsel lie about his clients' presence in New York, as Waheed alleges.  *See* ECF No. 137 at 29–37.  In his affirmation filed in support of the Purchaser Defendants' motion to dismiss in state court, Purchaser Defendants' counsel stated that his clients were "required to remove the contents of the unit within a few days of winning the auction."  Brodsky Affirmation ¶ 11, *Waheed*, No. 152550/2024 (June 13, 2024), NYSCEF No. 57.  Waheed possessed all the information she needed to litigate the personal jurisdiction issue in state court, so she may not relitigate it here.[5]

## CONCLUSION

For the foregoing reasons, Waheed's objections are OVERRULED, the R&R is ADOPTED in full, and the Purchaser Defendants' motion to dismiss is GRANTED without prejudice to Waheed refiling the claims against the Purchaser Defendants in a court of competent jurisdiction.

Waheed is advised that, when submitting filings to the undersigned, she must comply with the word limits laid out in Rule IV.D of the Court's Individual Practices in *Pro Se* Cases, which specifies that briefs prepared on a computer concerning objections to magistrate judges' rulings may not exceed 7,000 words.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 65 and 76.

SO ORDERED.

Dated:  June 3, 2025
         New York, New York

ANALISA TORRES
United States District Judge

---

[5] For this reason, the Court DENIES Waheed's motion for jurisdictional discovery.  *See* ECF No. 99; R&R at 13–14.