UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                  Plaintiff,

      -v-

NICKOLAOS RENTOULIS, ET AL.,

                  Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2025

**ORDER**

24-CV-6476 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Before the Court are multiple requests for relief by Plaintiff, including a request for leave to amend the complaint, two letter motions that the Court construes as requests to modify the schedule for this case, ECF No. 225, 227, and a motion for sanctions and to strike a filing, ECF No. 226. Defendants also filed a letter motion for a conference to address these motions. ECF No. 232. For the reasons described below, Plaintiff is **GRANTED** leave to amend the complaint, Plaintiff's letter motions to modify the schedule are **DENIED**, and Plaintiff's motion for sanctions is **DENIED**. In light of these rulings, the letter motion for a conference is **DENIED AS MOOT**.

I.    DISCUSSION

    A.    **Plaintiff Is Granted Leave to Amend the Complaint**

Plaintiff requested leave to amend her complaint to add claims. ECF No. 180. The Court held a conference on July 30, 2025, to discuss her proposed amendment.

1

Thereafter, Plaintiff filed letters regarding the proposed amended complaint, which the Court construed as her motion to amend. ECF No. 202. Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–02 (2d Cir. 2007).

Defendants Burnam Smartco, LLC, Storage Treasures, LLC, Opentech Alliance, Inc., and Robert A. Chiti (the "Auction Defendants") opposed the amendment on the basis that they are not proper parties to this action. ECF No. 215. Defendants SM 1 MMS, LLC, Burnam Smartco, LLC, Cris Burnam, and Mike Burnam (the "Storage Defendants" and, together with the Auction Defendants, the "Defendants") filed a letter stating that they do not oppose the proposed amended complaint but intend to move for dismissal of the operative complaint if leave to amend is granted. ECF No. 216. Defendants have not identified a good reason that the Court should not allow the proposed amendments, or any prejudice caused by the delayed addition of the new claims. Instead, the Auction Defendants'

2

arguments focus on claims that have been in the operative complaint from the beginning of the case and that Defendants have never moved to dismiss.

Accordingly, Plaintiff is granted leave to amend the complaint. Plaintiff's Final Amended Complaint at ECF No. 211 is deemed the operative complaint. Defendants' responses to the Complaint are due by **October 6, 2025**.

### B.  Plaintiff's Requests to Modify the Case Schedule Are Denied

Plaintiff seeks to modify the case schedule to skip over any remaining discovery and to proceed straight to a final adjudication of the merits. ECF Nos. 225, 227. The operative case schedule was set by Order, dated May 28, 2025, and sought to accommodate both Plaintiff's interest in a swift resolution of this action and her interest in obtaining discovery to support her claims. Under that schedule, all fact discovery was to be completed by August 29, 2025; Plaintiff's expert reports, if any, are to be served by September 27, 2025; Defendants' expert reports, if any, are to be served by October 28, 2025; and the depositions of all expert witnesses are to be completed by November 25, 2025. ECF No. 163.

While Plaintiff complains about the speed of this case, the bulk of the 234 docket entries in this case are filings that she made. Plaintiff's most recent filings concern her attempt to amend the complaint, a motion for emergency interim payments, and a motion for sanctions, which is discussed below. Some of these requests were filed multiple times, and each such filing requires time to assess. While the Court has no reason to doubt that Plaintiff genuinely wishes to move the case forward, her multiple filings have had the opposite effect. Indeed, the latest example of this phenomenon is Plaintiff's recent amendment of her complaint.

Although amending the complaint at this late stage provides no obvious advantage to Plaintiff, it will give Defendants an opportunity to move to dismiss the amended complaint, which could delay the case further.

In light of the foregoing, Plaintiff's requests to modify the case schedule are **DENIED**.

### C. Plaintiff's Requests for Sanctions and to Strike Are Denied

Finally, Plaintiff seeks sanctions against the Storage Defendants and asks the Court to strike the filing at ECF No. 224. ECF No. 226.

First, Plaintiff seeks sanctions under Federal Rule of Civil Procedure 11 based on the filing at ECF No. 224. ECF No. 226 at 5–6. Rule 11(c) provides that a court may impose sanctions for violation of Rule 11(b) after notice and a reasonable opportunity to respond. Any motion brought under Rule 11 "must be made separately and . . . must be served under Rule 5, but it must not be filed or be presented to the court if the challenged [conduct] is withdrawn or corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). Plaintiff did not bring this motion separate from her other motions and plainly did not serve the motion on the Storage Defendants 21 days before presenting it to the Court as the conduct of which she complains (the filing of ECF No. 224) occurred only one day before she presented her motion the Court. Plaintiff's request for Rule 11 sanctions is therefore denied on procedural grounds.

Next, Plaintiff asks the Court to strike the Storage Defendants' supplemental brief at ECF No. 224 under Federal Rule of Civil Procedure 12(f). ECF No. 226 at 6–7. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." The filing Plaintiff challenges here—a supplemental brief and exhibits thereto—are not pleadings and are therefore not within the scope of Rule 12(f). Furthermore, "motions to strike under Rule 12(f) are generally 'disfavored and granted only if there is strong reason to do so.'" *Sweigert v. Goodman*, 2021 WL 603069, at *1 (S.D.N.Y. Feb. 16, 2021) (quoting *Anderson News, L.L.C. v. Am. Media, Inc.*, 2013 WL 1746062, at *3 (S.D.N.Y. Apr. 23, 2013)).

Reading Plaintiff's motion generously, the Court also considers whether Plaintiff has demonstrated that the filings should be stricken pursuant to the Court's inherent power to strike materials outside the pleadings. *See Lively v. Wayfarer Studios LLC,* No. 24-CV-10049, 2025 WL 1410702 (S.D.N.Y. May 15, 2025) (striking filings from docket). The Storage Defendants' supplemental brief and exhibits thereto are arguably relevant to Plaintiff's motion for emergency relief. By seeking to require defendants to pay for, among other things, Plaintiff's personal expenses and the costs of other litigation, Plaintiff placed her personal finances and other litigations at issue. Further, many of the exhibits that Plaintiff asks to strike are already in the public domain, such as filings in other proceedings. There is no indication that Plaintiff sought to strike these materials where they were filed originally. While these materials and the arguments made about them paint an unflattering portrait of Plaintiff, the Court is not convinced that they fall outside the bounds of legitimate advocacy. Plaintiff's request to strike Defendants' supplemental brief and supporting documents is denied.

Finally, Plaintiff argues that Rule 37 sanctions are warranted because Defendants have not provided certain discovery, including camera surveillance footage and complete account and notice information. ECF No. 226 at 2–3. Federal Rule of Civil Procedure 37 provides that a court may impose sanctions when a party fails to obey an order to provide or permit discovery or fails to attend its own deposition. Fed. R. Civ. P. 37(b)(2) (regarding sanctions sought in the district where the action is pending for not obeying a discovery order); Fed. R. Civ. P. 37(d) (regarding sanctions sought for party's failure to attend its own deposition); Fed. R. Civ. P. 37(b)(2)(A) (listing potential sanctions). As discussed above, fact discovery closed on August 29, 2025. Plaintiff did not file her motion before the close of discovery or seek an extension of time to complete discovery. Further, Plaintiff does not identify any discovery order of this Court that Defendants have failed to obey, nor does she assert that she properly noticed a deposition at which any party failed to appear. Thus, there is no basis to impose sanctions under Rule 37 and Plaintiff's request is denied.

As the Court has found no basis to issue sanctions or to strike the Storage Defendants' filings, Plaintiff's motion is **DENIED**.

## II.   CONCLUSION

For the reasons described above, Plaintiff's Final Amended Complaint at ECF No. 211 is deemed the operative complaint and Defendants' responses are due **October 8, 2025**; Plaintiff's letter motions at ECF Nos. 225 and 227 are **DENIED**; and Plaintiff's motion for sanctions at ECF No. 226 is **DENIED**. Defendants' letter

motion for a conference at ECF No. 232 is **DENIED AS MOOT** as the motions they seek to address at a conference have now been resolved.

**SO ORDERED.**

Dated: September 17, 2025
       New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge