UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                              Plaintiff,

                 -against-

SM 1 MMS, LLC, DBA MANHATTAN MINI
STORAGE, LLC, BURNAM SMARTCO, LLC, CRIS
BURNAM AS CEO OF BURNAM SMARTCO, LLC
& INDIVIDUALLY, MIKE BURNAM AS
PRESIDENT & CIO OF BURNAM SMARTCO, LLC
& INDIVIDUALLY, STORAGE TREASURES, LLC,
OPENTECH ALLIANCE, INC, ROBERT A. CHITI,
AS CEO OF STORAGE TREASURES, LLC &
INDIVIDUALLY,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/27/2026_

24 Civ. 6476 (AT) (HJR)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Sehra Waheed, brings this action seeking relief after a rental storage

company auctioned off her belongings. *See generally* Am. Compl., ECF No. 211. Waheed sues

the company that owned her rented storage unit, SM1 MMS, LLC d/b/a Manhattan Mini Storage,

LLC ("Manhattan Mini Storage"); its corporate officers and affiliates, Burnam Smartco, LLC,

Cris Burnam, and Mike Burnam; the company that conducted the auction, Storage Treasures,

LLC; and its chief executive officer and affiliate, OpenTech Alliance Inc. and Robert Chiti. *Id.*

On July 25, 2025, Waheed filed an emergency motion for interim payments, in which she

requests that the Court "order Defendants to pay immediately" a total of $214,378.47, including

housing costs, unpaid taxes, attorneys' fees, and medical expenses, which the Court construes as

a motion for preliminary injunctive relief. *See* Mot. at 3, ECF No. 187. Waheed claims that she

was unable to pay these expenses when Defendants auctioned off her personal and business

possessions following her failure to make monthly rental payments on her Manhattan Mini

Storage units. *See id.* at 2.

On October 28, 2025, pursuant to an amended order of reference, the Honorable Henry J. Ricardo issued a Report and Recommendation (the "R&R") recommending that Waheed's motion be denied.  *See* R&R at 1, ECF No. 259; *see also* Objs., ECF No. 262; Am. Order Referring Case to Magistrate Judge, ECF No. 196.  On November 26, 2025, following Judge Ricardo's R&R, Waheed filed a renewed emergency motion.  *See* ECF No. 281.

On January 1, 2026, Waheed filed a notice of interlocutory appeal from Judge Ricardo's R&R to the United States Court of Appeals for the Second Circuit.  *See* ECF No. 307 (also appealing from an order denying Waheed's motion to strike, *see* ECF No. 258, and an order adopting Judge Ricardo's April 11, 2025 R&R, *see* ECF No. 168).  Although the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal . . . . when an appeal is taken from a non-final order, the notice of appeal does not divest the district court of jurisdiction."  *Zivkovic v. Laura Christy LLC*, No. 17 Civ. 553, 2023 WL 4305101, at *3 (S.D.N.Y. June 30, 2023) (citation omitted).  Because "[t]he Report and Recommendation is not subject to appeal . . . the notice of appeal does not deprive this Court of jurisdiction to consider it."  *Means v. Olmsted*, No. 9:17 Civ. 746, 2019 WL 3451127, at *1 n.1 (N.D.N.Y. July 31, 2019); *see also Stackhouse v. McKnight*, 168 F. App'x 464, 467 (2d Cir. 2006) ("This Court has jurisdiction only to review final judgments; it does not have jurisdiction to review reports and recommendations.").  The Court, therefore, reviews Judge Ricardo's R&R and Waheed's objections.

For the reasons stated below, the Court OVERRULES the objections, ADOPTS the R&R in full, and DENIES Waheed's renewed emergency motion.

**DISCUSSION**

I.    Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)). However, the Court reviews strictly for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

A *pro se* party is "generally accorded leniency," and their objections are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate[ judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023,

2008 WL 2811816, at \*1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at \*2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.    Waheed's Objections[1]

Waheed objects to Judge Ricardo's conclusion that she has not demonstrated her entitlement to injunctive relief and that her motion should, therefore, be denied.

"[A] party seeking a preliminary injunction must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Where a movant seeks an injunction that "go[es] beyond preservation of [the] status quo," or where the injunction would provide her with "all the relief to which [she] may be entitled [and] . . . once complied with, cannot be undone," she is required to demonstrate a "more substantial

---

[1] To the extent Waheed seeks injunctive relief as against Nickolaos Rentoulis, Androniki Rentoulis, and Irini's Originals, LLC, her motion is denied as moot, as the Court dismissed her claims against these Defendants in its June 3, 2025 order. *See* ECF No. 168.

showing of likelihood of success." *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 34–35 (2d Cir. 1995) (citing *SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir.1990)).  Because Waheed seeks monetary relief that alters the status quo and because her financial distress makes it unlikely that Defendants can recover any interim payments if they ultimately prevail on the merits, she must meet this heightened burden.

Waheed seeks injunctive relief in the form of interim payments for Defendants' alleged violations of:  (1) New York Lien Law § 182; (2) Unified Commercial Code ("U.C.C.") Article 7; (3) Title III of the American with Disabilities Act (the "ADA"), 42 U.S.C. § 12181 *et seq.*; and (4) the Fair Housing Act (the "FHA"), 42 U.S.C. § 2601 *et seq.*  *See* ECF No. 188 at 3–7. [2]

A.  New York Lien Law

Waheed objects to Judge Ricardo's determination that she has not demonstrated that she is likely to prevail on her New York Lien Law claim.

First, Waheed contends that Defendants failed to provide her with the notice required under the New York Lien Law before selling the property contained in her storage units.  Objs. at 10, 20–21, 53–58.  She also claims that Defendants declined to accept the payments she offered to cure the default and sold her property "[o]nly after learning [its] true value exceed[ed] $1.5 million."  *Id.* at 10, 16–17, 63.  Because Waheed's objections take issue with a specific legal conclusion in Judge Ricardo's R&R, the Court reviews that conclusion *de novo*.  Under New York Lien Law, self-storage facilities have "a lien upon all personal property stored" at the facility, N.Y. Lien L. § 182(6), and that lien "may be enforced by public or private sale of the occupant's goods . . . on any terms which are commercially reasonable after notice to all persons known to claim an interest in the goods," *id.* § 182(7).  The notice is valid where certain statutory

---

[2] The Court rejects Waheed's requests for other relief in her objections, including her request for Department of Justice intervention and prosecution for alleged criminal conduct.  *See* Objs. at 5–6, 7–8, 20–30.

requirements are met, including that it "include[s] the time and place of any public or private sale," and a storage facility may be liable for damages resulting from the sale where its notice is deficient under these requirements. *Id.*; *Anderson v. PODS, Inc.*, 896 N.Y.S.2d 88 (N.Y. App. Div. 2010).

Here, Waheed has not demonstrated a likelihood of success on the merits of her New York Lien Law claim. On January 10, 2024, Defendants sent Waheed two letters, which stated that there were unpaid rent and fees on her two units and advised her that if she did not pay her outstanding charges by February 19, 2024, the property in the units would be auctioned or disposed of on February 28, 2024. ECF Nos. 207 at 3; 207-2 (Notice Letter); 207-3 (same). Although Waheed claims that she did not receive notice because they were sent to an old address, *see* ECF No. 213 at 2–3, she has not met her burden of showing, under the heightened standard that applies here, that she is likely to prevail. Waheed's contracts with Defendants for her storage units listed the mailing address where Defendants sent notice, and there is no evidence that she formally altered her address with the facility managers. *See* ECF No. 207-1 at 2, 11 (Waheed's contracts with Defendants for leases starting on December 7, 2023, listing the same mailing address where notice was sent and dated only one month before the notice letters).

Second, Waheed claims that she is entitled to $214,378.47 in interim payments, *see* Mot. at 3, and in her objections, Waheed requests approximately $6,000,000 in damages for her actual property loss, treble damages, consequential damages, and attorneys' fees and prejudgment interest. *See also* Objs. at 57. Because Waheed's request for interim payments can be liberally construed as an objection to a legal conclusion made by Judge Ricardo, the Court reviews *de novo*. Under New York Lien Law § 182(2)(a)(v), a written occupancy agreement for a self-storage unit must include a statement of a limitation on damages. *See*, ECF No. 207-1 at 4, 13

6

(storage contracts between Manhattan Mini Storage and Waheed limiting liability for the sale or disposal of stored property after default to $100 per unit, or, in the event of non-default, the lesser of the value of the property or $5,000 per unit).  The plain terms of Waheed's storage contracts with the Defendants, therefore, demonstrate that the maximum amount she could recover from her storage unit is $200 in the event of default or $10,000 if there was no default, and that there was no evidence that the terms of these contracts had been altered as would be required.  *See id.*; *see also Goldberg v. Manhattan Mini Storage Corp.*, 640 N.Y.S.2d 493, 494 (N.Y. App. Div. 1996) ("There is no merit to [the] argument that the limitation of liability contained [in] the parties' occupancy agreement, in accordance with Lien Law § 182(2)(a)(v) . . . should not be enforced because of defendant's various breaches of the agreement.").  Waheed has failed, therefore, to show that she is entitled to injunctive relief in the amount of $214,378.47.  *See* Mot. at 3.

Waheed's request for $6,000,000 in damages was raised for the first time in her objections, and even if the Court entertained this new objection that could have been raised before Judge Ricardo, *see Gladden*, 394 F. Supp. 3d at 480, the Court does not find that Waheed has demonstrated a likely entitlement to this sum.[3]  A person who rents a storage space at a self-storage facility under a written occupancy agreement has no cause of action to seek damages under Lien Law § 182 "based upon the alleged wrongful sale by the owner of a self-storage facility of the personal property contained in a storage space." *Heins v. Pub. Storage*, No. 2021-

---

[3] The damages Waheed requests are also remedies at law, which may only be assessed once the Court has determined the issues of liability in this action, not equitable remedies. *See SEC v. Jarkesy*, 603 U.S. 109, 123 (2024) ("While monetary relief can be legal or equitable, money damages are the prototypical common law remedy."); *Shamrock Power Sales, LLC v. Scherer*, No. 12 Civ. 8959, 2016 WL 6102370, at *5 (S.D.N.Y. Oct. 18, 2016) ("[C]laims for normal monetary damages do not sound in equity, and therefore Plaintiff's request for compensatory, punitive, and special damages does not vest the Court with the power to issue the proposed preliminary injunction.").  Further, the Court will not consider "new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Gladden*, 394 F. Supp. at 480 (citation omitted).

06227, 2025 WL 3290537, at *1 (N.Y. App. Div. Nov. 26, 2025).  Accordingly, Waheed cannot show a likelihood of success on the merits of a claim that is not recognized under New York Lien Law.

### B.  ADA

Waheed next argues that Defendants failed to provide her with a reasonable accommodation for her disability under Title III of the ADA when they refused to accept a late payment for her storage units promised by the New York Human Resources Administration Family Independence Office ("HRA").  Objs. at 5–6, 47, 54.  Judge Ricardo concluded that Waheed is not likely to succeed on her ADA claim, and, therefore, should be denied preliminary injunctive relief on this claim.  *See* R&R at 11–12.  Because Waheed's argument is liberally construed as an objection to a legal conclusion in Judge Ricardo's R&R, the Court reviews *de novo*.  Title III of the ADA prohibits discrimination against individuals with disabilities in places of public accommodation.  42 U.S.C. § 12182.  Waheed has failed to show a likelihood of success on her claim of disability discrimination because she has not made any showing that the conduct she complains of rises to the level of disability discrimination.  She has not, for example, complained of an architectural barrier at the Manhattan Mini Storage that made it inaccessible.  *See, e.g.*, *Hollywood v. Marr*, No. 22 Civ. 2270, 2024 WL 1356218 at *6–7 (E.D. Pa. Mar. 28, 2024) (finding no architectural barrier and no ADA violation at a storage facility where the claimed barrier was a failure to keep a bathroom door locked).  Defendants' refusal to accept a late payment cannot reasonably be viewed as discrimination without any further showing that Defendants routinely accepted late payments from others and treated Waheed differently because of her disability.  *See, e.g.*, *Dash v. Doe,* No. 19 Civ. 414, 2020 WL 3057133, at *5 (S.D.N.Y. June 9, 2020) ("To establish a claim under the ADA . . . , a plaintiff must show that the

defendant discriminated against him in some way on the basis of a disability."). Accordingly, the Court denies Waheed's motion as it relates to her ADA claim.

### C. FHA

Waheed objects to Judge Ricardo's determination that she has failed to demonstrate that she is likely to succeed on her FHA claim and repeats the same arguments made before Judge Ricardo. Objs. at 10, 16, 47; *see* R&R at 13–14. The Court liberally construes Waheed's objection as a specific objection to a legal conclusion made by Judge Ricardo, and therefore, reviews *de novo*. Waheed is not likely to prevail on her claim that Defendants' failure to accept public assistance as a payment method amounted to housing discrimination because a self-storage facility does not constitute housing under the FHA. *See* 42 U.S.C. § 3602(b) (defining "dwelling" as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof."). Waheed's motion with respect to her FHA claim is, therefore, denied.

### D. Uniform Commercial Code

Waheed objects to Judge Ricardo's conclusion that she is not entitled to injunctive relief on her U.C.C. claim. She argues that Defendants did not provide her with a commercially reasonable sale in violation of U.C.C. § 7-210(1)–(2). Objs. 56; *see* R&R at 10. Because her arguments could be liberally construed to be objections to legal conclusions in Judge Ricardo's report, the Court reviews *de novo*. Self-storage facilities like Defendants are not covered under the New York U.C.C. § 7-210, unless they issue certain documents of title for the stored goods. *See* Lien Law § 182(1)(a). Waheed has not demonstrated that Defendants provided such

9

documents for her stored property.  The Court, therefore, finds that she has failed to demonstrate a likelihood of success on her U.C.C. claim.

Because the Court finds no clear error in Judge Ricardo's conclusion that Waheed has failed to meet her burden to show a likelihood of success on the merits of any of her claims and has otherwise determined on its *de novo* review that she has failed to meet her burden, it adopts Judge Ricardo's conclusion in its entirety that Waheed is not entitled to the preliminary injunctive relief she seeks.

III.    Waheed's Renewed Emergency Motion

On November 26, 2025, Waheed filed a "renewed emergency motion" in which she seeks, among other requests:  "immediate[] return [of] any remaining property in [Defendants'] possession or control"; compensation for the value of her property; $4,500,000 in damages, "including treble damages under Lien Law § 182"; "interim monetary relief sufficient to prevent [her] eviction and [to] allow [her] to obtain urgent medical care"; a temporary restraining order preventing [her] eviction pending resolution of this case; an order "directing Defendants to post bond or security to cover [her] housing and medical expenses pending final judgment"; and "[a]ny other equitable relief necessary to prevent irreparable harm."  ECF No. 281 at 5–6.  To the extent that Waheed seeks injunctive relief in the form of interim monetary relief and monetary damages pursuant to New York Lien Law § 182, her renewed motion fails for the reasons stated above.  To the extent Waheed seeks relief concerning her pending eviction proceedings and her pending medical expenses, those matters fall outside the scope of Waheed's complaint and this Court's jurisdiction.  *See Olsen v. Doldo*, No. 16 Civ. 5366, 2017 WL 1422431, at *2 (S.D.N.Y. Apr. 20, 2017) (holding that a district court lacks jurisdiction to issue a preliminary injunction when a plaintiff seeks injunctive relief based on claims not pleaded in the complaint).

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Waheed's objections to the R&R, ADOPTS the R&R in full, and DENIES Waheed's renewed emergency motion.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 187, 236, and 238.

SO ORDERED.

Dated:  January 27, 2026
        New York, New York

_____
ANALISA TORRES
United States District Judge

11