UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/16/2026

SEHRA WAHEED,

                      Plaintiff,

-against-

SM 1 MMS, LLC, DBA MANHATTAN MINI
STORAGE, LLC, BURNAM SMARTCO, LLC, CRIS
BURNAM AS CEO OF BURNAM SMARTCO, LLC
& INDIVIDUALLY, MIKE BURNAM AS
PRESIDENT & CIO OF BURNAM SMARTCO, LLC
& INDIVIDUALLY, STORAGE TREASURES, LLC,
OPENTECH ALLIANCE, INC, ROBERT A. CHITI,
AS CEO OF STORAGE TREASURES, LLC &
INDIVIDUALLY,

                      Defendants.

24 Civ. 6476 (AT) (HJR)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed *pro se* Plaintiff Sehra Waheed's objections to the Honorable Henry J. Ricardo's order dated March 20, 2026, the Order, ECF No. 338, which denied Plaintiff's motion to reopen discovery.  *See* ECF Nos. 339–355 (objections to Judge Ricardo's order, including other requests for relief).  For the reasons stated below, Waheed's objections are overruled, Judge Ricardo's order is adopted in full, and her motion to reopen discovery is denied.

Where a party timely objects to a magistrate judge's nondispositive order, "a district court may only 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'"  *United States v. Aventura Techs., Inc.*, 607 F. Supp. 3d 278, 282 (E.D.N.Y. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a).  An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation and internal quotation marks omitted).  An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.  *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).  A motion to reopen discovery is nondispositive, and the Court, therefore, reviews Judge Ricardo's order for clear error.

As the movant, Waheed bears the burden of establishing good cause to reopen discovery in this matter.  *See* Fed. R. Civ. P. 16(b)(4).  Courts consider a number of factors when presented with a motion to reopen discovery, including "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *Yusupov-Millevoi v. Kingyum Transports LLC*, 349 F.R.D. 491, 495 (S.D.N.Y.

2025).  "A significant consideration is whether there has already been adequate opportunity for discovery."  *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011).

Based on the factors set forth above, the Court finds no clear error in Judge Ricardo's conclusion that Waheed "has made no showing of good cause to reopen discovery."  Order at 2.

As to the first through third factors, although no trial date has been set, Defendants oppose the motion on valid grounds, *see* ECF Nos. 332, 333 (Defendants' opposition letters), including the prejudice posed by reopening discovery, especially in light of the two fully-briefed, dispositive motions to dismiss that are pending before the Court, and the fact that the evidence Waheed presents is not new, given that it has already been cited in the record of this action.  *See* ECF Nos. 332 at 2, 333 at 1–3; *see also* Order at 4.

As to the fourth and fifth factors, Waheed has not explained what new discovery she now seeks and has not argued that she was previously unable to obtain it during the time allotted by the Court's scheduling orders.  Discovery ended on August 29, 2025, *see* ECF No. 163 (amended discovery schedule), and Judge Ricardo confirmed that all discovery was completed during a status conference with the parties on December 16, 2025, *see* ECF No. 302 ("[A]ll discovery is now closed.").  Waheed has been aware of the "new" evidence that she seeks to introduce "for at least a year, and more likely two years."  Order at 3. [1]  As to the sixth factor, Waheed has not demonstrated how reopening discovery would likely lead to evidence that is relevant to the claims set forth in her amended complaint.  *See generally* Final Amended Complaint, ECF No. 211.  Accordingly, on balance, Waheed has not shown good cause to reopen discovery, and her objections do not demonstrate that Judge Ricardo's order was clearly erroneous.

The Court also notes that Waheed's 16 submissions in objection to the Order are excessive.  Waheed is advised that "'[l]itigation, including motion practice, is an ordered process,'. . . governed by the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the Individual Practices of the presiding judge."  *Thompson v. Renee*, No. 21 Civ. 10371, 2022 WL 2986566, at *2 (S.D.N.Y. July 28, 2022) (quoting *Paravas v. Cerf*, No. 21 Civ. 7463, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022)).  Parties generally may not file multiple, piecemeal submissions without the Court's prior approval, nor may they file repetitive motions that seek the same relief as a motion that is already pending before the Court.  *See Almazon v. JPMorgan Chase Bank*, No. 24 Civ. 5415, 2025 WL 736565, at *17 (S.D.N.Y. Jan. 31, 2025) ("[A]lthough plaintiff is proceeding *pro se* in this action, the latitude afforded to unrepresented

---

[1] To the extent that Waheed argues that Judge Ricardo committed clear error by "fail[ing] to analyze" Exhibits C–F of her submissions at ECF Nos. 323–26, *see* ECF No. 330 at 4, the Court disagrees.  Waheed has not demonstrated that these documents constitute new evidence or that they show good cause to reopen discovery.  Her self-drafted "expert opinion" in Exhibit C (ECF No. 323-1 at 15–23) does not constitute new evidence, nor does it show that additional discovery will lead to relevant evidence.  The records demonstrating Defendants' sale of one of Waheed's units to a defendant who has since been dismissed from this action, *see* Exhibits D–E (ECF No. 323-1 at 24–40), demonstrate facts that are already in the record.  *See* ECF Nos. 207 at 3.  Therefore, reopening discovery is unlikely to uncover relevant evidence.  Exhibit D also predates Waheed's commencement of this action, which further weighs against reopening discovery.  Waheed does not show that she could not have obtained this discovery earlier or was diligent in obtaining the additional discovery she now seeks from this document during the time allotted by the Court's scheduling orders.  Finally, the notices of disposition of excess proceeds from the auction of Waheed's units, Exhibits E–F, were already record evidence in this action.  *See* ECF Nos. 207 at 3; 207-4; 207-5.  Therefore, there is no clear error in Judge Ricardo's decision.

parties does not 'excuse frivolous or vexatious filings by *pro se* litigants.'" (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)), *report and recommendation adopted*, 2025 WL 720545 (S.D.N.Y. Mar. 6, 2025).  Such excessive and repeated filings disrupt efficient resolution of the action.

Further, although Federal Rule of Civil Procedure 72(a) permits Waheed to object to an order from a magistrate judge within 14 days of being served with a copy, Waheed must also adhere to the undersigned's Individual Practices in Civil *Pro Se* Cases, available at https://nysd.uscourts.gov/hon-analisa-torres.  Rule IV(D) requires that Waheed's objections to Judge Ricardo's rulings "not exceed 7,000 words."  Waheed's 16 submissions objecting to Judge Ricardo's order clearly violate this Rule.

This is not the first time the Court has reminded Waheed of the word limit requirements imposed by this Court.  The Court remains concerned that Waheed has consistently failed to follow Court directives, including Judge Ricardo's order to limit letters pertaining to discovery to four pages, *see* Order at 1 (noting that Waheed's filings ranged from 16 to 24 pages), and the requirement that Plaintiff's objections to magistrate judges' rulings not exceed 7,000 words, *see* ECF No. 168 at 5 (Court order advising Waheed of the word limit objections to a magistrate judge's ruling).  Waheed is warned that continued failure to follow Court orders may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) and may expose her to a filing injunction where the relevant factors may warrant such measures.

Accordingly, Waheed's objections are OVERRULED, Judge Ricardo's order is adopted in full, and Waheed's motion to reopen discovery is DENIED.[2]  The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 330, 344, 346, and 349.

SO ORDERED.

Dated:  June 16, 2026
        New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] To the extent Waheed seeks reconsideration of the Court's order denying her interim payments and injunctive relief, *see* ECF Nos. 346, 351, or requests an expedited trial, *see* ECF Nos. 351–355, decision is held in abeyance pending the Court's disposition of Defendants' motion to dismiss.  Although the Court previously held Waheed's motions in abeyance pending her appeal, *see* ECF No. 334, which has now been dismissed, and the issuance of the mandate remains pending, the Court, in its discretion, shall first decide the pending motions to dismiss.