USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 8/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

Plaintiff,

-v-

SM 1 MMS, LLC, et al.,

Defendants.

**ORDER**

24-CV-6476 (AT) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court is in receipt of multiple filings by plaintiff Sehra Waheed ("Plaintiff") seeking recusal and disqualification of the undersigned from this matter. These filings include ECF Nos. 399-404, 407, 408, and 410-13. The undersigned cannot address any request to recuse Judge Torres or any request directed to the Chief Judge. As to Plaintiff's request to recuse the undersigned, the recusal request is **DENIED** for the reasons described below.

## I. BACKGROUND

The undersigned has issued multiple orders and reports and recommendations in this case. Familiarity with these is presumed. In short, Plaintiff filed this action seeking multiple forms of relief after the contents of her rental storage units were sold through an online auction. ECF No. 259 at 1. She sued the company that owns the storage units and persons associated with it (the "Storage Defendants"), the company that conducted the auction and persons associated with it (the "Auction Defendants"), and those who purchased her

possessions at auction (the "Purchaser Defendants"). *See generally* ECF Nos. 259, 125.

Earlier in the case, Plaintiff filed an "Emergency Motion for Interim Payments," ECF No. 187, which essentially sought a monetary payment of over $200,000 as a form of interim relief. The undersigned concluded that such relief was not warranted, ECF No. 259, and the District Judge adopted that recommendation. ECF No. 311.

Through a series of motions, all claims in this case have been dismissed, recommended for dismissal, or stayed. The Purchaser Defendants are not subject to personal jurisdiction in New York and were dismissed from the case. ECF No. 168. The undersigned has recommended the dismissal of all claims against the Auction Defendants for failure to state a claim. ECF No. 357. That report and recommendation remains subject to review by the District Judge. Finally, the undersigned stayed claims against the Storage Defendants pending arbitration. ECF No. 373. There are no other claims in the case.

Despite the undersigned concluding that there is no claim left to resolve in this action, Plaintiff has continued to make multiple filings requesting various forms of relief. These filings include the instant request for recusal.

## II. ANALYSIS

Plaintiff fails to demonstrate that recusal is appropriate under 28 U.S.C. §§ 144 or 455. Under both statutes, the test for recusal is "whether an objective, informed observer could reasonably question[] the judge's impartiality, regardless of

whether []he is actually partial or biased." *Thorpe v. Zimmer, Inc.*, 590 F. Supp. 2d 492, 498 (S.D.N.Y. 2008) (quotations and citations omitted). Specifically, 28 U.S.C. § 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . .
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard . . .

Under 28 U.S.C. § 455(a), a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." A magistrate judge shall also disqualify himself:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts . . .;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness . . .;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits . . .;
> (4) He knows that he . . . or [his relative], has a[n] . . . interest that could be substantially affected by the outcome of the proceeding;
> (5) He or [his relative] . . .:
>     (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>     (ii) Is acting as a lawyer in the proceeding;
>     (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>     (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

While Plaintiff cites these statutes, she does not demonstrate that any of

these circumstances are present. There is no express claim of bias or prejudice, nor is there any claim that the undersigned has any personal knowledge or involvement in this matter, except in his role as a judicial officer.

Instead, Plaintiff's claim appears to be that she has made repeated requests for relief, including requests styled as emergency applications, but the undersigned has failed to provide the relief she requested. *See* ECF No. 401 at 5 ("Plaintiff respectfully submits this emergency motion because her repeated efforts to obtain adjudication of identified emergency applications have not resulted in the judicial determinations she has requested, while the circumstances described in those applications allegedly have continued to deteriorate."); 6-7 ("The question is whether, viewed objectively and cumulatively, the procedural history, repeated emergency submissions, alleged deterioration of Plaintiff's circumstances, and continued absence of substantive disposition of the principal emergency requests have reached the point at which reassignment or immediate judicial intervention is necessary to preserve both meaningful access to the Court and the appearance of impartial judicial administration."); 12-13 ("Plaintiff instead asks whether the cumulative circumstances – including the asserted continuing absence of adjudication of repeatedly identified emergency requests after repeated notifications of deteriorating circumstances – have created an objectively reasonable concern about the ability of the current assignment to provide sufficiently prompt neutral consideration going forward.").

Notably, Plaintiff acknowledges in other parts her filings that dissatisfaction

with the substance or timing of a judge's rulings is not a valid basis for recusal. *See id.* at 11 ("recusal is not warranted merely because a litigant is dissatisfied with the Court's rulings, scheduling decisions or management of litigation"); 12 ("Plaintiff does not ask the Court to infer personal hostility merely from unfavorable rulings, delay or disagreement concerning case administration"); 16 ("Nor does she contend: 'Magistrate Judge Ricardo did not grant the relief I requested; therefore Magistrate Judge Ricardo is biased.' Those propositions would not establish recusal.").

The general statements in the preceding paragraph are correct. At bottom, Plaintiff identifies no basis for recusal other than that she made multiple requests for relief, claiming personal hardship, and the undersigned failed to act on these requests. Plaintiff's personal hardship, however real, does not make her requests proper and cannot change the fact that her multiple requests sought relief against defendants who have been dismissed from the case, whose dismissal has been recommended, or against whom claims are stayed pending arbitration. By Plaintiff's logic, making multiple requests for urgent relief, however unwarranted, creates a pattern that justifies recusal of any judge who fails to grant the requested relief. That is not, and cannot be, a proper basis for recusal.

## I. CONCLUSION

For the foregoing reasons, Plaintiff's request for recusal of the undersigned is **DENIED**.

**SO ORDERED**

Dated: August 25, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge