USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 8/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

Plaintiff,

-against-

SM 1 MMS, LLC, DBA MANHATTAN MINI STORAGE, LLC, BURNAM SMARTCO, LLC, CRIS BURNAM AS CEO OF BURNAM SMARTCO, LLC & INDIVIDUALLY, MIKE BURNAM AS PRESIDENT & CIO OF BURNAM SMARTCO, LLC & INDIVIDUALLY, STORAGE TREASURES, LLC, OPENTECH ALLIANCE, INC, ROBERT A. CHITI, AS CEO OF STORAGE TREASURES, LLC & INDIVIDUALLY,

Defendants.

24 Civ. 6476 (AT) (HJR)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Sehra Waheed, filed this action seeking various forms of relief after the contents of her two rental storage units were sold in a 2024 online auction. *See generally* Final Amended Complaint ("FAC"), ECF No. 211. Two groups of Defendants remain in this action: (1) SM 1 MMS, LLC ("Manhattan Mini Storage") and two of its corporate officers, Chris Burnam and Mike Burnam ("the Burnams") (collectively, the "Storage Defendants"); and (2) Burnam Smartco, LLC ("Smartco"), Storage Treasures, LLC ("Storage Treasures"), OpenTech Alliance, Inc. ("OpenTech"), and Robert A. Chiti ("Chiti") (collectively, the "Auction Defendants").

Pending before the Court are two motions. The Auction Defendants move to dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure Rule 12(b)(6). *See* Auction Defendants ("AD") Mot., ECF No. 243; AD Mem., ECF No. 246. The Storage Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c). *See* Storage Defendants ("SD") Mot., ECF No. 273; SD Mem., ECF No. 274.

The Honorable Henry J. Ricardo issued a report and recommendation ("R&R") with respect to each motion. *See* AD R&R, ECF No. 357; SD R&R, ECF No. 373. The Auction Defendants R&R recommends granting the Auction Defendants' motion to dismiss. *See* AD R&R at 1. As for the Storage Defendants' motion, Judge Ricardo concluded that "[d]espite how the [m]otion is styled, the primary relief that it seeks is 'dismissal' of Plaintiff's claims in favor of arbitration." SD R&R at 2. Judge Ricardo then granted a stay pending arbitration, finding the motion to be non-dispositive. *Id.* As a result, Judge Ricardo's sole recommendation is that "the portion of the [m]otion that seeks judgment on the pleadings not be decided due to the stay pending arbitration." *Id.* at 2–3.

Before the Court are Plaintiff's objections to the two R&Rs, *see* Pl. AD Objs., ECF No. 359; Pl. SD Objs., ECF No. 379, as well as the Auction Defendants' response, *see* AD Resp., ECF No. 366.[1] Since Judge Ricardo filed the Auction Defendants R&R, Plaintiff has made more than forty-five filings, including motions for the Court to appoint pro bono counsel, ECF No. 363, leave to file a supplemental exhibit, ECF No. 385, and for the undersigned's recusal, ECF Nos. 399, 407. The Court DENIES each of Plaintiff's motions. For the reasons stated below, Plaintiff's objections to the two R&Rs are OVERRULED, and the Court ADOPTS both well-reasoned R&Rs in their entirety. Finally, the Court AFFIRMS Judge Ricardo's order granting a stay pending arbitration.

[1] Plaintiff submitted an unauthorized reply to the Auction Defendants' response. *See* ECF No. 369. This is now the second time Plaintiff has filed an unauthorized reply in response to a defendant's response to her objections. *See* ECF No. 155. The Court declines to consider this unauthorized filing. *See, e.g.*, *Mordukhaev v. Daus*, No. 09 Civ. 5149, 2010 WL 3792191, at *1 n.1 (S.D.N.Y. Sep. 28, 2010) (finding Fed. R. Civ. P. 72(b)(2) authorizes only objections and a response, not a reply, to a magistrate judge's report. . . ."), *aff'd*, 457 F. App'x 16 (2d Cir. 2012).

## BACKGROUND

I. Factual Background

Beginning in 2012, Plaintiff rented two storage units from Manhattan Mini Storage to keep personal possessions and items related to her business. FAC at 2. To help pay for her storage unit, Plaintiff often relied on financial assistance from New York City's Human Resources Administration ("HRA"). *Id.* ¶ 1. In early 2024, HRA payment was delayed. *Id.* ¶ 2. On February 27, 2024, after Plaintiff failed to pay for her storage units, Manhattan Mini Storage sold the contents of her storage units through an online auction conducted by Defendant Storage Treasures. *Id.* at 2.

On March 21, 2024, Plaintiff filed suit in Supreme Court, New York County (the "State Court Action"), to "recover damages Plaintiff ha[d] incurred arising out of the loss of her personal property." ECF No. 273-2 at 5 (copy of Summons and Complaint filed in the State Court Action); *Waheed v. Storage Mart LLC et al.*, Index No. 152550/2024 (N.Y. Sup. Ct. New York County). In the State Court Action, Plaintiff sued Manhattan Mini Storage, a defendant in this action, as well as Irini's Originals, LLC, Androniki Rentoulis, and Nickolaos Rentoulis (collectively, the "Purchaser Defendants"), who bought her items at auction. *See* State Court Decision at 2, 7, ECF No. 207-6. On August 19, 2024, the Supreme Court issued a decision (the "State Court Decision") dismissing Plaintiff's causes of actions against Manhattan Mini Storage on the ground that the dispute is subject to arbitration. *See id.* at 7. It also dismissed the claims against the Purchaser Defendants for lack of personal jurisdiction. *Id.*

II. Procedural Background

Plaintiff commenced this action on August 23, 2024, four days after the State Court Action was dismissed. *See* ECF No. 1. In addition to the Storage Defendants and Auction

Defendants, Plaintiff brought claims again against the Purchaser Defendants. *Id*. On June 3, 2025, the Court granted the Purchaser Defendants' Rule 12(b)(2) motion on the ground that Plaintiff is bound by the State Court Decision. *See* ECF No. 168.

Over the course of this litigation, Plaintiff has amended her complaint three times. *See* ECF Nos. 10, 111, and 211. Although Plaintiff's causes of action "have changed during the course of the litigation, this case is based on the same core facts as the State Court Action, *i.e.*, the allegedly improper foreclosure sale of Plaintiff's property." SD R&R at 4. Plaintiff's sixteen causes of action, brought against each defendant, are a mix of federal and state law claims, including breach of contract, damage to religious and deceased persons' property, copyright infringement, theft of trade secrets, and violations of the Health Insurance Portability and Accountability Act, the Americans with Disabilities Act, the Fair Housing Act, and the First, Fourth, Fifth and Fourteenth Amendments. *See* FAC at 6, 16, 17, 22, 26, 27.

## DISCUSSION

### I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)). However, the Court reviews strictly for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments

set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

A *pro se* party is "generally accorded leniency," and their objections are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate [judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

## II. Analysis

The Court first reviews the Auction Defendants R&R, the Storage Defendants R&R, and related order granting a stay pending arbitration. Then, the Court reviews Plaintiff's various pending motions.

A. Auction Defendants R&R

Judge Ricardo concluded that the Auction Defendants' motion to dismiss should be granted because "none of Plaintiff's sixteen causes of action plausibly states a claim against [them]." AD R&R at 6. Plaintiff makes eight objections in her seventy-page filing, six of which do not address the Auction Defendants' motion.[2] The Court reviews the two relevant objections, affording Plaintiff the requisite leniency owed to *pro se* litigants.

Plaintiff first argues that the motion to dismiss should be denied because "Storage Treasures was a direct and active participant in the auction, not a passive technology vendor." Pl. AD Objs. at 6. Plaintiff points out that Storage Treasures set the auction's rules, listed the contents of the auction, and collected a fee of $1,160.00 fee after the sale. *Id*. at 6–7. Plaintiff is correct that Storage Treasures conducted the auction, but, as Judge Ricardo stated, Plaintiff does not "explain the legal basis for the Auction Defendants owing any legal duty to her, as opposed to Manhattan Mini Storage, which presumably hired Storage Treasures to conduct the auction." AD R&R at 7. Plaintiff attempts to create this legal duty by citing a single Storage Treasures' auction rule that states "the defaulted tenant has the legal right to cure the account thus canceling the auction up until the cash payment is received from the winning bidder unless otherwise stated in the state's lien laws or by the storage facility." Pl. AD Objs. at 6. Plaintiff's right to cure, however, pertains to her contract with the Storage Defendants to whom she owed rent for her units, not with Storage Treasures, with whom she had no contractual relationship and to whom

[2] As Judge Ricardo correctly observes, "[a]side from conclusory allegations that OpenTech and Chiti direct and control the actions of Storage Treasures, the FAC contains no factual allegations about what, if anything, OpenTech and Chiti did in connection with the sale of Plaintiff's objects." AD R&R at 3. Similarly, "[t]here is no explanation of how Smartco . . . [is] implicated in these matters." *Id.* Plaintiff's objection letter focuses solely on Storage Treasures and does not address the other three Auction Defendants.

she was not indebted. Regardless, Plaintiff does not allege that she attempted to cure her default by tendering payment to any of the Auction Defendants.[3]

In her fifth objection, Plaintiff repeats her mistaken belief that the Auction Defendants owed her a legal duty, arguing that Storage Treasures "bears direct responsibility for [the] commercially unreasonable description" of her property, which led to a sale of her items for $11,160 when she estimates their value at $1,500,000. *Id.* at 7. Yet, as Judge Ricardo explains, it "is not clear . . . why any shortcomings in the conduct of the auction would constitute a breach of a legal duty owed to *Plaintiff*, as opposed to Manhattan Mini Storage." AD R&R at 18 (emphasis in original); *see also* AD Resp. at 8 ("There is no duty owed to Plaintiff by the auctioneer or auction platform relating to the conduct of the auction."). Reviewing Plaintiff's objection *de novo*, the Court finds no error in the R&R.

Plaintiff's six other objections do not address the Auction Defendants' motion. Plaintiff's second objection alleges that the R&R focuses on only one of her storage units, *see* Pl. AD Objs. at 9, but Judge Ricardo clearly references both storage units, *see, e.g.*, AD R&R at 1 (referencing "two self-storage lockers"). In Plaintiff's third objection, she complains about Judge Ricardo's "overly strict pleading standard," Pl. AD Objs. at 9, but the Court finds, reviewing the R&R *de novo*, that he applied the correct standard and thoroughly reviewed Plaintiff's complaint and the record. Plaintiff's fourth objection is that Manhattan Mini Storage—which is not an Auction Defendant—failed to provide her with proper notice prior to the auction. *Id.* at 13. Plaintiff contends that this implicates the Auction Defendants because they "published the auction listing and facilitated the sale without confirming that the mandatory

---

[3] In fact, Plaintiff does not allege that she ever communicated with any of the Auction Defendants. *See also* AD Resp. at 4–5 ("Plaintiff has admitted in the Responses to Admissions (ECF No. 191-1) that Plaintiff has not communicated with: BURNAM SMARTCO, LLC (Response to ¶ 10); ROBERT A. CHITI (Response to ¶ 13); STORAGE TREASURES, LLC (Response to ¶ 14); nor OPENTECH ALLIANCE, INC (Response to ¶ 15).").

pre-auction notice requirements had been met." *Id*. at 14. Again, there is no support for Plaintiff's argument that the Auction Defendants owed that duty to her. Plaintiff's seventh objection is that her "claims against Manhattan Mini Storage must go to trial." *Id.* at 19. But this has nothing to do with whether the Auction Defendants should be dismissed from this action. Plaintiff's eighth objection is a request that the Second Circuit reconsider this Court's dismissal of the Purchaser Defendants. *Id*. at 21. Again, this is not relevant to the Auction Defendants' motion. In sum, Plaintiff fails to state a claim against the Auction Defendants, and the Court dismisses her claims against them.

Judge Ricardo recommends the Court dismiss the claims against the Auction Defendants without leave to amend. *See* AD R&R at 21–22. In Plaintiff's sixth objection, she argues that she should be granted leave to amend due to her *pro se* status and "extraordinary circumstances." Pl. AD Objs. at 17. The Court adopts Judge Ricardo's recommendation and dismisses Plaintiff's claims against the Auction Defendants with prejudice. As explained by Judge Ricardo, "[t]he problem, which cannot be solved by amendment, is that Plaintiff had no direct dealings with Auction Defendants and they never had ownership or possession of her property." AD R&R at 21. Plaintiff has had over two years and three opportunities to amend her complaint to make a case against the Auction Defendants but has failed to do so. The Court, finds, therefore, that further amendments would be futile, which justifies a dismissal with prejudice. *See, e.g.*, *Treppel v. Biovail Corp.*, No. 03 CIV. 3002, 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005) (finding that "leave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless").

B. Storage Defendants Order and R&R

The Storage Defendants' Rule 12(c) motion is properly construed as a motion to compel arbitration. *See, e.g.*, SD Mem. at 26 (arguing that "[t]he arbitration clause contained in the rental agreement is binding and this matter should be dismissed in favor of arbitration"). "District courts in this Circuit have regularly concluded that a motion to compel arbitration and stay litigation pending arbitration is non-dispositive and therefore within a Magistrate Judge's purview to decide without issuing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)." *GateGuard, Inc. v. Goldberg*, 585 F. Supp. 3d 391, 394 n.2 (S.D.N.Y. 2022) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 227 n.1 (S.D.N.Y. 2020) (collecting cases)). Therefore, Judge Ricardo had the authority to grant the motion for a stay pending arbitration, and the Court reviews his order for abuse of discretion. *See* Fed. R. Civ. P. 72(a); *Sheikhan v. Lenox Hill Hosp.*, No. 98 Civ. 6468, 1999 WL 386714, at *2 (S.D.N.Y. June 11, 1999) (explaining that for non-dispositive motions, "magistrate judges are afforded broad discretion and reversal is only appropriate if there is an abuse of discretion").

Only Plaintiff's first two objections are related to Judge Ricardo's order to compel arbitration.[4] In these two objections, Plaintiff cites numerous defenses to the arbitration clause's enforceability. *See* Pl. SD Objs. at 5 (asserting "lack of knowing assent, lack of meaningful notice, misrepresentation, procedural and substantive unconscionability, waiver, estoppel,

[4] Plaintiff's third objection pertains to this Court's prior dismissal of the Purchaser Defendants. *See* Pl. SD Objs. at 20–22. Plaintiff's fourth objection is a request for trial. *Id*. at 23–24. Plaintiff's fifth objection is a request for the appointment of pro bono counsel. *Id*. at 24–26. Plaintiff's sixth objection is a request that this matter be referred to mediation. *Id*. at 26–27. Plaintiff's seventh objection is a request for leave to amend her complaint. *Id*. at 27. Plaintiff's eighth objection is for "immediate equitable replevin." *Id.* at 28. Despite promising to the Court in her June 18, 2026 letter that her objections would be "in compliance with all applicable word-count and page-limit requirements," ECF No. 375 at 1, Plaintiff ultimately flouted this Court's requirements in submitting a 191-page objection letter.

material breach of contract by [the Storage] Defendants, and any other applicable defenses recognized under federal and New York").

Judge Ricardo correctly concluded that the doctrine of issue preclusion prohibits the Court's reconsideration of the arbitration clause's enforceability, which was fully litigated in the State Court Action. *See* SD R&R at 9–17. "Under New York law, issue preclusion will apply only if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 337 (2d Cir. 2021) (citation omitted). The R&R referenced whole paragraphs from Plaintiff's memorandum filed in the State Court Action, which makes many of the same arguments Plaintiff makes in this action. *See* SD R&R at 15–17. Plaintiff's challenges to the arbitration clause's enforceability that were rejected in the State Court Action are "substantially the same" as those presented in this action. *Zherka v. City of New York*, 459 F. App'x 10, 13 (2d Cir. 2012). Judge Ricardo accurately observed that "the state court docket demonstrates that Plaintiff was an active participant in the State Court Action," showing that she had a "full and fair opportunity to litigate the issue in the first proceeding." SD R&R at 12–13.

The Court rejects Plaintiff's argument that some of her claims are not be subject to arbitration, *see* Pl. SD Objs. at 9–10, on the ground that Manhattan Mini Storage's clearing out of her storage unit amounted to tortious conduct and the arbitration cause does "not capture tortious behavior that is independent of the ordinary business relationship," *id.* at 9. But Judge Ricardo correctly concluded that Plaintiff's tortious inference and fraud claims, which stem from

the FAC's second cause of action, "all arise from Plaintiff's rental or use of the storage space and rental agreement and are thus subject to arbitration." SD R&R at 20.[5]

Plaintiff also argues that Manhattan Mini Storage waived its right to arbitrate by participating in this lawsuit for months. *See* Pl. SD Objs. at 11. Her argument is based on the fact that "Manhattan Mini Storage was served in November 2024 but did not file its motion to compel arbitration until November 21, 2025." *Id.* But, as Judge Ricardo notes, it is the moving party's *actions* that determine whether waiver has occurred, not a simplistic counting of the number of months it took for the party to file its motion. *See* SD R&R at 22–23. Judge Ricardo soundly concluded that Manhattan Mini Storage did not waive its right to arbitrate because "it asserted the right to arbitrate in its original answer, has consistently maintained that position in subsequent answers and filings, did not otherwise initiate substantive motion practice[,] and did not file a motion to dismiss Plaintiff's claims on the merits before filing the instant [m]otion, which asserts the right to arbitrate." *Id*. at 26. As the Second Circuit has explained, the core question when assessing waiver is identifying whether "the moving party knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right[]." *Doyle v. UBS Financial Servs. Inc.*, 144 F.4th 122, 130 (2d Cir. 2025). The Court agrees with Judge Ricardo that, despite the "difficulty to understand" the delay in Manhattan Mini Storage's motion to enforce arbitration, waiver did not occur because its actions were not inconsistent with its right to demand arbitration. SD R&R at 26.

Finally, Plaintiff contends that because Chris Burnam and Mike Burnam "never signed any arbitration agreement," they "cannot invoke an arbitration clause to which they are not

---

[5] Plaintiff also emphasizes that the Auction Defendants and the Purchaser Defendants are not part of arbitration agreement between her and the Storage Defendants. *See* Pl. SD Objs. at 10–11. True but irrelevant. As previously discussed, the claims against the Auction Defendants are dismissed on other grounds, and the Purchaser Defendants were previously dismissed from this action for lack of personal jurisdiction.

privy." SD Objs. at 12. Once again, the Court finds no clear error in Judge Ricardo's analysis. Judge Ricardo held that although "Defendants Chris Burnam and Mike Burnam are not, themselves, parties to the contracts with arbitration clauses, the claims against them should be stayed as well" because "[r]esolution of Plaintiff's claims against Manhattan Mini Storage will necessarily address core factual questions that bear directly on the claims against [the Burnams]," and "[a]llowing litigation to proceed against [them] while those overlapping issues are simultaneously arbitrated would risk inconsistent rulings, duplicate proceedings, and inefficiency." SD R&R at 27–28. Indeed, "[a] discretionary stay particularly is appropriate where there is significant factual overlap between the remaining claims and the arbitrated claims." *Winter Invs., LLC v. Panzer*, No. 14 Civ. 6852, 2015 WL 5052563, at *11 (S.D.N.Y. Aug. 27, 2015).

Judge Ricardo did not err in staying proceedings against the Storage Defendants pending arbitration. The Court further agrees with and adopts Judge Ricardo's recommendation to "not decide the portion of the [Storage Defendants'] [m]otion that seeks judgment on the pleadings due to the stay in favor of arbitration." SD R&R. at 29.

C. Plaintiff's Pending Motions

Plaintiff filed a motion for the appointment of pro bono counsel and reiterated the request in her objection letters. *See* ECF No. 363; *see also* Pl. AD Objs at 22; Pl. SD Objs. at 24. A district court has "[b]road discretion" when deciding whether to appoint counsel for an indigent litigant. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *see also Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Unlike in criminal cases, "[t]here is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters." *Burgos*, 14 F.3d at 789.

Indeed, volunteer attorneys are a "precious commodity" and must be reserved for litigants who truly need assistance. *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989).

The standard outlined by the Second Circuit in *Hodge* governs the evaluation of a plaintiff's request for counsel. Under this standard, a court must first determine "whether the indigent's position seems likely to be of substance." *Hodge,* 802 F.2d at 61. "Only if the claim meets this threshold requirement" should the court "consider other criteria." *Cooper,* 877 F.2d at 172 (internal quotation marks omitted). Plaintiff fails to meet this the threshold because she has failed to articulate cognizable legal claims against the Auction and Storage Defendants.

Next, after filing her objections letters, Plaintiff filed a thirty-page motion for leave to file supplemental exhibits. *See* ECF No. 385. Plaintiff claims that "[a]fter [she] filed her objections and related motions, [the New York City Department of Consumer and Worker Protection, 'the Department,'] opened an administrative consumer complaint concerning Manhattan Mini Storage." *Id.* at 2. However, what apparently occurred is that on July 2, 2026, Plaintiff filed a complaint with the Department against Manhattan Mini Storage on the same grounds as her State Court Action and this action. *Id.* at 19–30. The Court, therefore, exercises its discretion to deny Plaintiff's motion to supplement the record. *See* Fed. R. Civ. P. 72(b)(3); *see also Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("[W]e have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review.").

Plaintiff has also filed a series of recusal motions calling for the disqualification of the undersigned.[6] *See* ECF Nos. 399–413. "Recusal motions are committed to the discretion of the judge who is being asked to recuse [herself]." *Weston Cap. Advisors, Inc. v. PT Bank Mutiara*

[6] Plaintiff's motions also request the recusal of Judge Ricardo who denied the motions with respect to him in an order filed August 25, 2026. *See* ECF No. 414.

*Tbk.*, No. 13 Civ. 6945, 2019 WL 6002221, at *2 (S.D.N.Y. Sep. 20, 2019); *see also United States v. Buff*, No. 19 Civ 5549, 2021 WL 5280246, at *2 (S.D.N.Y. Oct. 18, 2021) ("[T]he decision whether to grant a recusal motion is left to the discretion of the judicial officer."). As the primary basis of her motions, Plaintiff cites 28 U.S.C. § 455(a), which provides that a judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned and § 455(b)(1), which requires recusal where a judge has a personal bias or prejudice concerning a party. *See* 28 U.S.C. §§ 455(a), (b)(1); ECF No. 399 at 2; *see also* 28 U.S.C. § 144. Here, Plaintiff does not question the undersigned's "impartiality" nor claim there is an issue of personal bias or prejudice. Plaintiff's motions are not supported by facts or law and are denied.

Finally, the Court is mindful of its "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment[,] and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citation omitted). Plaintiff has made over forty-five filings since Judge Ricardo issued the Auction Defendants R&R. Plaintiff has also made excessive phone calls and sent unnecessary emails to Chambers. Plaintiff is warned that the Court may consider sanctions and entering an injunction if she persists in making unauthorized and meritless filings. *See e.g.*, *Simon v. Bank of Am., N.A.*, No. 19 Civ. 3498, 2021 WL 148650, at *7 (E.D.N.Y. Jan. 15, 2021) ("It is well-established that Federal courts have the inherent authority to sanction improper litigation conduct, including issuing pre-filing restrictions—i.e., enjoining future filings without leave of the court."). The Court notes that last year the Honorable John G. Koeltl issued a

similar warning to Plaintiff, and the Court advises her to take this warning seriously. *See Waheed v. Sands*, No. 23 Civ. 10899, 2025 WL 3551523, at *3 (S.D.N.Y. Dec. 10, 2025).

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to both the Auction Defendants and Storage Defendants R&Rs and ADOPTS each R&R in full. Plaintiff's claims against the Storage Defendants are STAYED pending arbitration. Plaintiff's claims against the Auction Defendants are DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the Auction Defendants from the docket, as well as the motions at ECF Nos. 243, 273, 362, 363, 385, 390, 399, 400, and 407. The Clerk of Court is further instructed to mail a copy of this order and all unpublished decisions cited therein to Plaintiff *pro se*.

SO ORDERED.

Dated: August 31, 2026
New York, New York

ANALISA TORRES
United States District Judge